Argued September 14; affirmed September 21; rehearing
denied October 11, 1937

## KULISCH *v.* STEWART
(71 P. (2d) 796)

*J. LeRoy Smith,* of Portland, for appellant.

*Ira W. Carl,* of Portland (W. L. Tooze, of Portland,
on the brief), for respondent.

BAILEY, J.  This action was instituted by plaintiff in the district court of Multnomah county to recover from the defendant August Kulisch the sum of $420, for board and lodging furnished by the plaintiff to that defendant under an agreement between the parties. From a judgment in favor of the plaintiff rendered upon the verdict of a jury, the defendant appealed to the circuit court, where the case was tried before the court without a jury and judgment for the full amount recovered, from which judgment the defendant appealed to this court. After the appeal was perfected August Kulisch died, and Clara M. Stewart, executrix of his estate, was substituted for him.

On May 18, 1936, in compliance with the decision of the court, proposed findings of fact and a proposed judgment were served by plaintiff upon counsel for the defendant, which findings and judgment were signed by the judge under date of June 1 of that year and filed with the clerk of the court on June 4. On June 2 the defendant served on opposing counsel and filed with the clerk a motion to be permitted to make a slight amendment in his answer, and further filed a motion for permission to reopen the case and introduce the answer of the present plaintiff and her husband filed in a suit to foreclose a mortgage given by them to the defendant. The record does not disclose whether those motions were ever called to the attention of the trial judge, or what action, if any, was taken on said motions.

■ The appellant has failed to file with this court a bill of exceptions or transcript of any testimony taken before the trial judge. The first question for consideration, therefore, is whether or not the complaint states a cause of action. We should not term that pleading a model to be followed. No motion was filed to make it more definite and certain, nor was it tested by demurrer

in either of the lower courts. So far as the record shows, no objection was made to the introduction of testimony on the ground that it failed to state a cause of action. It is apparent, moreover, that the appellant understood the plaintiff's grievance, for in his answer he set forth that there was a contract between the plaintiff and the defendant whereby the plaintiff agreed to and did furnish to the defendant board and lodging.

The total amount which defendant was to pay, according to his answer, was $220, which, it is alleged, was agreed by the parties to be, and was, credited on interest due from the plaintiff and her husband to the defendant, on a certain mortgage. The proposed amendment of the answer sought only to change that sum to $420, which was the amount asked by plaintiff.

■ In our opinion, the complaint, although somewhat defective in statement of the cause of action, is sufficient after judgment. In any case, any defects in it were cured by the admissions in defendant's answer. The special findings of fact made by the court amply support the judgment.

■ Since there is no transcript of testimony before us, we cannot say that the evidence which was sought to be introduced in the event that the case was reopened would in any way have affected the final result in the cause.

■ Section 7-510, Oregon Code 1930, provides that upon appeal from a judgment "the same shall only be reviewed as to questions of law appearing upon the transcript, and shall only be reversed or modified for errors substantially affecting the rights of the appellant." The record before us discloses no error on the part of the trial court. Therefore, the judgment appealed from is affirmed.