Argued February 3; affirmed February 25, 1948

# THE ALPHA CORPORATION *v.*
# MULTNOMAH COUNTY

189 P. (2d) 988

*Manche I. Langley,* Deputy District Attorney, of Portland, argued the cause for appellant. With her on the brief were John B. McCourt, District Attorney, and Dan M. Dibble, Deputy District Attorney.

*M. M. Matthiessen,* of Portland, argued the cause for respondent. On the brief were Wood, Matthiessen & Wood, of Portland.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BRAND and HAY, Justices.

HAY, J.

In this action, plaintiff corporation seeks to recover of defendant the amount of certain personal

property taxes paid by it for the years 1935-1945, inclusive.

The amended complaint alleges as follows: Plaintiff is a Washington corporation, qualified to do and, during the years 1935-1945, doing intrastate business in Oregon. Pacific Savings & Loan Association was a Washington corporation, incorporated as a savings and loan association. Section 5 of the Home Owner's Loan Act of 1933 authorized the conversion of state savings and loan associations into federal savings and loan associations. Pacific Savings & Loan was, on or about February 12, 1935, converted into a federal savings and loan association under the name of Pacific First Federal Savings and Loan Association of Tacoma, which association ever since has been, and now is, authorized to do and doing an intrastate business in Oregon. The federal authority required, as a condition to its conversion into a federal savings and loan association, that Pacific Savings & Loan should transfer to the federal association only such of its assets as could readily be liquidated, and should cause a corporation to be organized under the laws of Washington, to take title to its "inacceptable" assets, and to issue in respect thereof to Pacific Savings & Loan's shareholders certificates of indebtedness, ratably in accordance with the ratio that their respective share holdings bore to the total outstanding shares. In accordance with such requirements plaintiff corporation was organized, and, in February, 1935, took title to Pacific Savings & Loan's inacceptable assets, consisting of numerous apartment houses and other buildings in Oregon and personal property contained therein. Plaintiff has an authorized capital stock of $500, all of which was subscribed and paid for by Pacific First Federal Savings and Loan, and is beneficially owned

and held by such association for the account of the former shareholders of Pacific Savings & Loan as of the date of the conversion of that association into a federal savings and loan association. The sole purpose, function and activity of plaintiff was and is to hold, manage, operate and liquidate said inacceptable assets for the account and benefit of said former shareholders, their successors and assigns. Plaintiff has been at all times and now is an adjunct to said Pacific First Federal Savings and Loan, and has operated as a department of such association and under its supervision. Said association and plaintiff filed consolidated corporation excise tax returns, as provided for by section 110-1525, O. C. L. A., for the years 1935-1945, inclusive, and plaintiff was subject to and has paid the Oregon excise tax imposed by section 110-1504, O. C. L. A., for each of said years. By virtue of such circumstances, plaintiff claims to be and is a savings and loan association within the meaning of section 110-1505, O. C. L. A., under which such associations, subject to the excise tax imposed by section 110-1504, O. C. L. A., are exempted from payment of all state, county and municipal taxes except taxes upon real property. The assessor of defendant county refused to recognize plaintiff's status and exemption aforesaid, included plaintiff's personal property upon the county assessment rolls for the years 1935-1945, inclusive, assessed thereon taxes in the aggregate sum of $8,024.55, and demanded of plaintiff payment thereof, and plaintiff "improperly and inadvertently" paid such taxes. Plaintiff is entitled to a refund of such taxes, and such refund has been demanded and refused. Judgment is sought for the amount of such taxes, with legal interest.

Defendant's answer, while admitting the assessment and payment of the personal property taxes as alleged in the amended complaint, denied plaintiff's asserted status as a savings and loan association, and denied that it was entitled to exemption from payment of such taxes.

The case was tried by the court without a jury. Findings of fact and conclusions of law were made in favor of plaintiff, and judgment was entered thereon in accordance with the demand of the complaint. Defendant appeals.

■■ No bill of exceptions has been brought up with the record. The court will assume, therefore, that the findings of fact are supported by the evidence. Supreme Court Rules, Rule 1; *Nelson v. Smith,* 157 Or. 292, 294, 69 P. (2d) 1072. Without a bill of exceptions, the only questions that may properly be considered on appeal are the jurisdiction of the court, the sufficiency of the complaint, and whether or not the findings are sufficient to support the judgment. *Astoria v. Zindorf,* 96 Or. 332, 334, 189 P. 884; *Kapischka v. Tillamook Hotel Co.,* 86 Or. 498, 501, 168 P. 938; *Gellert v. Bank of California, N. A.,* 107 Or. 162, 167, 214 P. 377; *McCargar & McKay v. Federal Securities Co.,* 134 Or. 342, 354, 284 P. 179, 293 P. 595; *Kulisch v. Stewart,* 157 Or. 382, 384, 71 P. (2d) 796.

■ Although it does not appear in the abstract, the record itself shows that defendant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was based upon the provisions of section 110-1502, O. C. L. A., and was submitted upon the authority of *Welch Holding Co. v. Galloway,* 161 Or. 515, 89 P. (2d) 559. The demurrer was overruled.

While no error is assigned upon such overruling (and, in fact, there are no assignments of error at all), the question of the insufficiency of the complaint was not waived by answering over. Section 1-710, O. C. L. A.; *Ross v. Robinson,* 169 Or. 293, 314-315, 124 P. (2d) 918, 128 P. (2d) 956; Supreme Court Rules, Rule 2. The defendant, accordingly, in its brief on appeal, has objected to the sufficiency of the amended complaint, maintaining that, by the allegations thereof, plaintiff is not a financial institution doing business in Oregon within the meaning of section 110-1504, O. C. L. A.

In this connection, the amended complaint alleges:

"During all the times hereinafter mentioned, since the date of its incorporation on or about February 12, 1935, the plaintiff has been and it now is a corporation organized and existing under and by virtue of the laws of the State of Washington. It is, and during the years 1935-1945 was, qualified to do and doing an intrastate business in the State of Oregon."

The truth of these allegations was admitted by defendant's answer, and the court found accordingly. It is argued, however, that other allegations of the amended complaint show that plaintiff was not a financial institution doing business in Oregon within the meaning of the statute.

In support of this contention, appellant relies principally upon the case of *Welch Holding Co. v. Galloway,* supra, (161 Or. 515, 89 P. (2d) 559). In that case, the so-called holding company had been formed, not for the purpose of engaging in business for gain, but merely to make and preserve a record of the beneficial ownership of stock in certain operating companies, and to receive the dividends upon such stock and distribute them to such beneficial owners. Such dividends, prior

to the formation of the holding company, had been received and distributed by a natural person as trustee for the beneficial owners, and the holding company was incorporated in order to avoid the assertion against the trustee personally of liability for federal income tax in respect of such dividends. The company had never maintained an office, used no official letterheads or stationery bearing its name, declared no dividends, and had no invested capital. It did not manage any property. It paid no salaries or other compensation to employees. Except for a small memorandum book, in which were recorded the dividends received from the operating companies, and a check register showing the disbursement of such receipts, it had no books of account. The dividends so received were not augmented from any other source, and no profits were added thereto by the company or by anyone else. The company had no interest in the dividends, and acted merely as a transmitting agent for the beneficial owners. The court held that, under such circumstances, the company was not "doing business" within the meaning of the excise tax law.

■ By the weight of authority, a corporation which was organized for the purpose of engaging in business for profit, and which, after pursuing such business for a time, discontinues it, and thereafter maintains its corporate existence for the sole purpose of liquidating its assets and distributing the net proceeds of such liquidation among its stockholders, is not doing business. *Harmar Coal Co. v. Heiner,* C. C. A., 34 F. (2d) 725, 728; *Wilson v. First State Bank of Jetmore,* 77 Kan. 589, 95 P. 404, 406. Moreover, a corporation not organized for profit, but merely passively to hold real estate or securities for ultimate disposal and the dis-

tribution of the avails of such disposal to the persons entitled thereto, is not doing business. *Blair v. Wilson Syndicate Trust,* C. C. A., 39 F. (2d) 43, 45; *Harrison v. Forsyth Hunter Co.,* 170 Ga. 640, 153 S. E. 758, 759; *Zonne v. Minneapolis Syndicate,* 220 U. S. 187, 190, 31 S. Ct. 361, 55 L. Ed. 428; *Argonaut Consol. Min. Co. v. Anderson,* 42 F. (2d) 219, 221. The distinction between "doing business" and "not doing business", however, is a very fine one. If the plaintiff herein had merely held the inacceptable assets of the old Pacific Savings & Loan Association, collected rents, liquidated the assets, and distributed the proceeds of such liquidation, it might not have been doing business as a financial corporation so as to be subject to the state excise tax. It did more than this, however. It was organized, as alleged in the amended complaint and as found by the court, to hold, manage, operate *and* liquidate the inacceptable assets of the old savings and loan association. Those assets, as shown by the pleading, were considerable in extent, consisting of five apartment houses, a hotel, an auto camp, a dye works, and a service station, all within the city of Portland, and personal property used in connection therewith. Apparently, some of these properties were disposed of during the ten-year period, but others were retained throughout. The management and operation of that class of property necessitates aggressive activity not required by mere passive holding and liquidation. "Time, attention, and labor must have been devoted to" such operation and management. *Argonaut Consol. Min. Co. v. Anderson,* supra. In our opinion, the company, by virtue of such activities, was, during the years in question, "doing business" in Oregon within the meaning of the excise tax law. *Von Baumbach v. Sargent Land Company,* 242 U. S. 503, 37 S. Ct. 201,

61 L. Ed. 460, 468; *Edwards v. Chile Copper Co.,* 270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678, 682.  Cf. *Weiser Land Co. v. Bohrer,* 78 Or. 202, 206, 152 P. 869.

Moreover, the allegations of the amended complaint and the findings of the trial court show that the plaintiff was formed as and operated as a mere department or adjunct of Pacific First Federal Savings and Loan, to hold, manage, operate and liquidate those assets of Pacific Savings & Loan which the federal association was not permitted to take over. If Pacific Savings & Loan had continued in business without being converted into a federal association, presumably it would have held, managed, operated and eventually liquidated its "frozen" assets in behalf of its stockholders in exactly the same manner as is being followed by plaintiff.  Pacific First Federal, if it had taken over the assets, would have handled them in the same way.  The result of the arrangement which was adopted is that Pacific Savings & Loan's business has been divided between and carried forward by two corporations instead of by one.  These two, throughout the period under consideration, have filed consolidated Oregon excise tax returns and have paid the excise taxes reflected thereby.  Plaintiff may not actually have made any new loans during the ten-year period in question, but undoubtedly it took over and carried properties which had been acquired by its predecessor through foreclosure or otherwise in connection with loans made by such predecessor.  It can hardly be contended, we think, that the capital represented by such loans, even in its "frozen" condition, was not capital used in competition with national banks and other financial institutions.  This is emphasized by the fact that plaintiff's operations involved not

planned and reasonably prompt liquidation, but rather management and operation of the properties over a long period of time, with a vague purpose of final liquidation in the indeterminate future.

We are of the opinion that plaintiff was doing business as a financial institution within the meaning of sections 110-1504 and 110-1505, O. C. L. A. It follows that it was subject to the state excise tax, and was entitled to exemption from all other state, county and municipal taxes, except taxes upon its real property.

■ In oral argument before this court, counsel for defendant questioned the constitutionality of the tax exemption involved herein, upon the ground that the title of the act (ch. 427, General Laws of Oregon, 1929) was insufficient, within the meaning of Article IV, section 20, of the state constitution, to include such exemption. The constitutional question was not raised in the lower court, and for that reason we can give it no consideration. It is the general rule that an appellate court will not consider grounds of defense not raised in the lower court. This rule includes the question of the constitutionality of a statute (except, perhaps, in cases involving deprivation of life or liberty). 3 Am. Jur., Appeal and Error, section 293; 11 Am. Jur., Constitutional Law, section 125; *Union Land Associates v. Ussher*, 174 Or. 453, 462, 149 P. (2d) 568.

We find no error in the record. The judgment is affirmed.