Argued April 12; affirmed May 17, 1949

## JOHNSON *v.* UPDEGRAVE
206 P. 2d 91

*Norman L. Easley,* of Portland, argued the cause for appellant. With him on the brief were Griffith, Peck, Phillips & Nelson, of Portland.

*Randall B. Kester,* of Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison & Bailey, of Portland.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN and BAILEY, Justices.

BRAND, J.

The plaintiff was driving a Chevrolet truck in a northerly direction on Highway 101 through the community of Delake, Oregon. The plaintiff ran into a logging truck and loaded trailer which had been parked by the defendant without lights on the right-hand side of the highway facing north. The plaintiff alleges eight different acts of negligence, among others, the parking of the vehicle upon the highway without lights in violation of statute. The answer of the defendant alleges that the plaintiff was guilty of contributory negligence in that he drove without maintaining a proper lookout, proper control, or adequate lights. As a result of the collision plaintiff was seriously injured. The plaintiff assigns as error the entry of the order setting aside the verdict and granting a new trial upon the ground that the damages were excessive. For reasons which will shortly appear, we find it unnecessary to consider that assignment of error. The plaintiff contends that this court can only consider whether the trial court properly set aside the verdict on the ground of excessiveness and that the other grounds specified by the defendant in his motion for judgment non obstante or for a new trial are not before the court for consideration. In support of this contention the plaintiff cites the following from *Hovedsgaard v. Grand Rapids Store*, 138 Or. 39, 5 P. (2d) 86:

> "It is unnecessary to review the other grounds upon which defendants' motion for a new trial was based for the reason that they were not regarded as sufficient by the learned trial judge, and no appeal has been prosecuted by defendants."

■ The foregoing statement was pure dictum and in view of later cases cannot be considered the law. The

fact is that this court in the Hovedsgaard case did review the other grounds upon which the defendants' motion for a new trial was based, for the court said: "We are constrained to say that we concur in the trial judge's holding in respect to them." Later cases have consistently held that if the order for a new trial ought to be supported on any of the grounds specified in the motion therefor, it will be sustained regardless of the reason which the court may have assigned as the basis for the order. *Shain v. Meier & Frank Co. et al.,* 140 Or. 518, 13 P. (2d) 360; *Cicrich v. State Industrial Accident Commission,* 143 Or. 627, 23 P. (2d) 534; *Karberg v. Leahy,* 144 Or. 687, 26 P. (2d) 56; *Dickson v. King,* 147 Or. 638, 34 P. (2d) 664; *Zeek v. Bicknell,* 159 Or. 167, 78 P. (2d) 620. In *Smith v. Pacific Truck Express,* 164 Or. 318, 100 P. (2d) 474, the plaintiff sued for damages with the resulting verdict in favor of the defendant. The circuit court on motion of the plaintiff set aside the verdict and granted a new trial. This court said:

" * * * The motion for a new trial, however, specified nine alleged errors, and it is incumbent upon the defendant, the appellant here, to show that none of the grounds of the motion is well taken; and, hence, in the interest of an orderly procedure, it should have presented argument in its opening brief upon all the questions raised by the motion."

See also *DiNucci v. Hager,* 184 Or. 555, 200 P. (2d) 380. In apparent compliance with the rule stated in *Smith v. Pacific Truck Express,* supra, the plaintiff asserts that the trial court correctly denied defendant's motion for involuntary nonsuit and for directed verdict. We agree that it was proper to submit the case to the jury.

At the scene of the collision there is a divided highway with three lanes for north-bound and three for

south-bound traffic. The three north-bound lanes are each ten feet in width. The defendant had parked his logging truck and trailer next to the curb and in the right-hand or easterly lane for north-bound traffic. There was evidence to the effect that there were no lights burning or reflectors installed on the rear of the logging truck, which evidence is uncontradicted. The plaintiff was driving in a northerly direction on the second or middle lane for north-bound traffic at a speed not over twenty-five miles an hour. It was early evening and dark. The street light on the west side of the street, and approximately opposite the parked logging truck, was not burning. As plaintiff approached the scene he met a south-bound car which lowered the beam of its lights, whereupon the plaintiff lowered the beam of his headlights. The plaintiff testified:

"Q Did you see the truck before the impact, that is, the parked logging truck?

"A Just an instant.

"Q Explain to the jury about that instant.

"A Well, the first I seen of the logging truck was with the clearance light on the right hand corner, front right hand corner of my gravel box reflected and kind of caught the corner of my eye and I looked around and I seen the whole works right alongside of me and I just started to turn the wheel and I had—I didn't have no time for anything."

" * * * The logging truck was standing there with no lights on it and I struck it with the outside dual, the right hand rear of my truck hit the left hand outside dual on the trailer of the logging truck, tearing the differential housing and rear wheels out from under the truck I was driving and careened up the road and sent it up hitting the island in the middle of the street and throwed me out when it hit the island. * * * "

■ If the plaintiff had swerved six inches more to his left there would have been no collision. At least three other witnesses testified without objection that they had almost hit defendant's truck while driving on the same highway on that same evening. We think there was evidence of negligence on the part of both the plaintiff and the defendant, but that it was typically a case for the jury. No error therefore was committed in denying the defendant's motions for nonsuit and directed verdict.

It is contended by the plaintiff that the trial court did not err in instructing the jury that the plaintiff was not bound to keep a lookout for other vehicles on the highway if such vehicles were violating the law. The defendant, on the other hand, contends that the court committed prejudicial error in instructing upon that subject. Instructions given were as follows:

> "A person traveling upon a highway has the right to assume in the absence of notice to the contrary that all other persons using that same highway will observe the law and will exercise reasonable care to avoid injury to themselves and other persons, and he is not bound to keep a lookout for others who may violate the law."

At a later point in the instructions the court repeated and thereby emphasized the same rule, as follows:

> "The plaintiff was required to keep a reasonable lookout for other vehicles and objects upon the highway, and the failure to keep such reasonable lookout would constitute negligence, except, as I explained to you, that a person is not required to keep a lookout for other persons who violate the law."

■ It is true that one has the right to assume in the absence of notice to the contrary, that other persons using the highway will observe the law and will exercise reasonable care, but even this rule has been considered to be of doubtful applicability in the case of a driver closely approaching a car which has been negligently or unlawfully parked on the highway. If the driver sees that the car is parked, he has no right to assume that it will be moved before he reaches it. The case of *Fine v. Parella,* 92 N. H. 81, 25 At. (2d) 121, closely resembles the one at bar, as indicated by the quoted headnote:

"In action for damage sustained when plaintiff's automobile collided with defendant's allegedly illegally parked automobile, plaintiff's requested instruction that without notice to the contrary he was not required to anticipate that another automobile would be operated or parked negligently or in violation of statute, was properly rejected and jury instead charged that plaintiff was required to anticipate the actual situation he ran into only to the extent that the ordinary person of average prudence would have anticipated it." Syl. No. 2.

The court said:

" * * * Ordinarily one is not under a duty of care to be on the alert to meet invasions of his rights when he has not been threatened. In the McCarthy case it was thought that the general principle was applicable in passing on the conduct of the pedestrian. But 'it is commonly understood that * * * some automobile operators * * * act "with less than normal propriety." Charged with a realization of this fact, a motorist, under certain conditions, may be required "to anticipate and provide against that occasional negligence" which is one of the expectable incidents of highway traffic'. Himmel v. Finkelstein, 90 N. H. 78, 79, 4 A. 2d 657, 658.

This reasoning is peculiarly applicable to the case here. * * * ''

In our view of the pending case, it is unnecessary to hold that it was the plaintiff's duty to anticipate the negligence of the defendant, but we do hold that the right to assume that others will obey the law does not imply the right to drive negligently into a stationary obstacle whether the obstacle be a lawful or unlawful one. The duty of a driver to keep a reasonable lookout for obstructions on the highway is a continuing one and his duty in that respect is not lessened by the fact that a static condition of danger was created by the negligence of another. In the case of two vehicles, both of which are being operated on the highway, it is the usual practice of the courts to instruct that neither one need assume that the other will be guilty of negligence in the absence of notice to the contrary, but the instruction given by the court in the case at bar treats the right to indulge in this assumption as the equivalent of a right to be guilty of contributory negligence by failing to maintain the continuing duty of keeping a lookout ahead. The violation of law on the part of the defendant was practically conceded. Under these circumstances, the instruction would have permitted the jury to find that the plaintiff was not guilty of contributory negligence because he violated no duty although he failed to keep a reasonable lookout. The law is well stated in *Kindscher v. Dyer,* 78 Cal. App. Rep. (2d) 323, 177 P. (2d) 782, as follows:

> "A motorist must, at all times, use ordinary care to avoid colliding with another, and he must be alert and watchful so as not to place himself in danger, and while he may assume that others will use ordinary care, he cannot for that reason omit any of the care which the law demands of him. Polk v.

Weinstein, 12 Cal. App. 2d 360, 55 P. 2d 588; Mathers v. County of Riverside, 22 Cal. 2d 781, 785, 141 P. 2d 419.''

And see *Savas v. Beals,* 304 Mich. 84, 7 N. W. (2d) 231, and *Steel v. Fuller,* 104 Vt. 303, 158 At. 666.

In giving the instructions which we have criticized, it is probable that the trial court relied upon the case of *Murphy v. Hawthorne,* 117 Or. 319, 244 P. 79, and *Schassen v. Columbia Gorge Motor Coach System,* 126 Or. 363, 270 P. 530. In *Murphy v. Hawthorne,* the court instructed the jury that a person is not bound to keep a lookout for others who might violate the law, but the court qualified that instruction as follows:

" * * * But when approaching the truck he could not ruthlessly run into it or run it down simply because it was violating the law, and it would be his duty under such circumstances to use every reasonable effort to avoid colliding with it, and if he did so use every effort and care that a reasonably prudent and careful man would have used under such circumstances, and notwithstanding such effort a collision occurred, the plaintiff would not be liable nor guilty of contributory negligence, notwithstanding the other car was negligently left there.''

On appeal this court said:

"This instruction, considered in its entirety, is not objectionable. We take it that it is not necessary to cite authorities to establish the proposition that plaintiff had the right to assume that defendant would obey the law of the road.''

The Murphy case cannot be taken as a general authority authorizing the giving of the criticized instruction. In *Schassen v. Columbia Gorge Motor Coach System,* supra, while one bus was parked on the high-

way another bus, also operated by the defendant, and proceeding north, was stopped beside the parked bus, thus completely blocking the highway. Plaintiff was proceeding south in the darkness and was apparently blinded by the bright lights of the parked bus. Plaintiff recovered a verdict and judgment. The following instruction was given by the trial court and assigned as error upon appeal:

> "You are instructed that a person traveling upon a highway has the right to assume that all other persons also using that highway would obey the law and he is not bound to keep a lookout for others who may violate the law."

This court said: "This instruction correctly states the law in this state:" The court cited *Murphy v. Hawthorne,* supra; *Peters v. Johnson,* 124 Or. 237, 264 P. 459; and *Hansen v. Bedell Co. et al.,* 126 Or. 155, 268 P. 1020. *Peters v. Johnson* is not in point. In that case the usual rule to the effect that one need not assume that others will act negligently was applied. *Hansen v. Bedell Co.,* supra, has no bearing upon the proposition which the court was considering in the Schassen case. The last pronouncement of this court upon this subject is to be found in *Van Zant v. Goodman et al.,* 181 Or. 80, 179 P. (2d) 724, where this court said:

> "The right to indulge in the presumption that another will not violate the law does not relieve the one indulging that presumption from the duty of exercising reasonable care for the safety of others. As the court said in Richards v. Neault, 126 Me. 17, 20, 135 A. 524, 525:
>
> " ' * * * each saw the other approaching and, notwithstanding each had a right to presume the other would obey the law, each was bound to exercise that degree of care that a reasonably prudent man would use under like circumstances to avoid

injuring the other, and to exercise that degree of care under the circumstances as they arose.'

"For other cases enunciating the same principle see the annotations in 47 A. L. R. 613, 37 A. L. R. 509, 21 A. L. R. 988."

■■ The instruction given by the trial court in the pending case amounts to a statement that if the defendant is negligent, the plaintiff cannot be guilty of contributory negligence by failure to watch where he is going. The instruction is misleading and prejudicial and requires that the cause be sent back for a new trial. Since the case must be retried it may be observed that the court's definition of the word "control" was somewhat too restricted. If the court elected to define that word, it would have been proper to state that control implies, not only maintaining a rate of speed which would enable the operator to stop with a reasonable degree of celerity, but also the ability to swerve reasonably so as to avoid a collision. *Brineger v. Green et ux.,* 117 Fed. 2d. 316; *Duncan v. Rhomberg,* 212 Iowa 389, 236 N. W. 638.

The judgment of the circuit court setting aside the verdict and ordering a new trial is affirmed.