Argued March 21, reversed June 13, petition for rehearing denied December 5, 1956

# SENGER *v.* VANCOUVER-PORTLAND BUS CO.

304 P. 2d 448
298 P. 2d 835

38

*Wayne A. Williamson,* Portland, argued the cause for appellant. With him on the briefs were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

*Dwight L. Schwab,* Portland, and *John H. Buttler,* Portland, argued the cause for respondent. With them on the brief were Cake, Jaureguy & Hardy, Portland.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN, LUSK, BRAND and PERRY, Justices.

PERRY, J.

This is an action brought by the plaintiff Tony Senger against the defendant Vancouver-Portland Bus Co. to recover for personal injuries sustained by the plaintiff when the automobile he was driving collided with the defendant's bus in the intersection of N. W. Couch street and N. W. Tenth avenue in the city of Portland.

The plaintiff's complaint charges the defendant, through its driver, with being negligent in the operation of the bus, (1) in failing to maintain a proper lookout, (2) with driving at an unreasonable rate of speed under the circumstances then and there existing, and (3) in failing to have the bus under proper control

so as to be able to stop or turn to avoid colliding with the automobile of the defendant.

The answer of the defendant denies it was negligent and charges the plaintiff with being contributorily negligent as follows:

"1. In unlawfully operating his automobile in an easterly direction on N. W. Couch Street.

"2. In entering and attempting to cross N. W. Tenth Avenue at its intersection with N. W. Couch Street without bringing his automobile to a full and complete stop.

"3. In failing to yield the right of way to the defendant's bus.

"4. In operating his automobile at an excessive rate of speed under the circumstances.

"5. In failing to keep a proper or any lookout.

"6. In failing to have his automobile under proper or any control.

"7. In failing to stop, slow down or swerve in an effort to avoid a collision under the circumstances above set forth."

To the defendant's answer, charging the plaintiff with contributory negligence, the plaintiff made only a general denial.

The jury returned a verdict for the plaintiff, and from the judgment entered thereon the defendant appeals.

Northwest Tenth avenue extends in a northerly and southerly direction; Northwest Couch street extends in an easterly and westerly direction. At the time of the accident, the Bureau of Traffic and Transportation of the city of Portland, pursuant to City Ordinance No. 90453, had designated and marked N. W. Tenth avenue as a one-way thoroughfare which per-

mitted vehicles to travel only in a northerly direction thereon; also, N. W. Couch street from Eleventh avenue east was designated as a one-way street with traffic only permitted to travel in a westerly direction thereon. At the intersection of N. W. Tenth avenue and N. W. Couch street, N. W. Tenth avenue was designated as a favored highway, and those entering thereon from N. W. Couch street were required to stop and yield the right of way before entering. Vehicles traveling from the west on N. W. Couch street were notified at the west line of the intersection of N. W. Couch street and N. W. Eleventh avenue by signs as follows: "Stop." "Entering One Way Area Watch Signs." At the east line of the intersection there was posted the following signs: "One Way Do Not Enter" "Eastbound use Burnside."

On the evening of June 26, 1952, the date of the accident, the plaintiff traveled in an easterly direction on N. W. Couch street, across its intersection with N. W. Eleventh avenue, and into the area of N. W. Couch street, designated as "One Way Do Not Enter", against the designated permitted traffic, on into the intersection of N. W. Tenth avenue. The defendant's bus was traveling in a northerly direction on N. W. Tenth avenue in accordance with the designated signs. The evidence on behalf of the plaintiff tended to fix the speed at which the defendant's bus was being operated at from 30 to 35 miles per hour, and the plaintiff's speed at about 15 miles per hour in an indicated speed zone of 20 miles per hour; that the plaintiff was traveling in the wrong or easterly direction on N. W. Couch street, and that he did not see the bus until just immediately before the moment of impact; that the right front side and the right side of the plaintiff's automobile was crushed, and the left

front side and front of the defendant's bus suffered damage in the collision.

The driver of the defendant's bus stated that he did not see the automobile of the plaintiff until approximately the moment of impact, and that he was concentrating his view to his right, the direction from which traffic was permitted to enter the intersection from Couch street.

The defendant moved for a judgment of involuntary nonsuit, and, when all parties had rested, moved for a directed verdict in its favor. The refusal of the trial court to grant these motions is assigned as error.

It being conceded that the plaintiff was traveling in an easterly direction on N. W. Couch street in a manner prohibited by ordinance, and that the street was duly marked, the motions of the defendant raise but two questions: (1) Is there any evidence of a proximate cause of the accident? (2) Was the plaintiff guilty of negligence as a matter of law which would prevent his recovery?

■ Section 115-307, OCLA, now ORS 483.042, authorizes local authorities to "prohibit other than one-way traffic" upon city streets, and provides that when this is done they shall maintain suitable signs at reasonable intervals, visible to drivers of vehicles, to notify them of the existence of the one-way street.

The plaintiff contends that the ordinance did not specifically prohibit other than one-way traffic, because Ordinance No. 90453 merely provides as follows:

"The Bureau of Traffic and Transportation, which bureau is hereby authorized to act for and on behalf of the City of Portland, shall have authority to designate and establish one-way traffic streets, avenues, and highways within the City of Portland. Such one-way streets, avenues, and high-

ways so established shall be designated by signs, signals or markings which shall be placed and maintained by the said Bureau of Traffic and Transportation."

We believe this contention is not well taken for the action of the Bureau of Traffic and Transportation in designating and establishing that traffic may flow in only one direction is certainly a prohibition against vehicles driving upon that street in an opposite manner.

■ The plaintiff also argues that the ordinance is invalid in that the council could not constitutionally delegate its power granted by the statute to the Bureau of Traffic and Transportation.

There is a presumption that the city council in delegating power to the Bureau also provided a yardstick by which its acts could be measured. There are no pleadings which challenge the validity of the council's acts; therefore, since the validity of the ordinance was not questioned in the trial court (see *Roper v. Greenspon*, 272 Mo 288, 198 SW 1107), and, where the constitutionality of an act has not been raised as an issue in the trial court, it will not be considered here. *The Alpha Corp. v. Multnomah Co.*, 182 Or 671, 189 P2d 988.

■■ The plaintiff also contends that proceeding in the wrong direction on a one-way street is not negligence per se, because the designation of streets for use in but one direction has as its sole function the expediting of traffic and is not designed to prevent intersection accidents.

There is little question but that the primary purpose of a one-way street is to facilitate the flow of traffic, but, where, as here, one-way streets intersect, we believe there is also the purpose to prevent accidents in

a congested area by permitting entrance from only one direction from a street onto a through-highway; but, beyond that, § 115-311, OCLA, now ORS 483.128, now makes it unlawful for the driver of any vehicle to disobey any lawful traffic sign or signal unless directed by a police officer. The plaintiff violated this act when he disobeyed the "Do not enter" sign on his entrance onto N. W. Couch street, which violation continued so long as he drove in the prohibited direction thereon.

The plaintiff contends, however, that even though he was negligent per se, still it was for the jury to say whether or not his negligence was a contributing factor to his injury, citing: *Ellenberger v. Fremont Land Co.*, 165 Or 375, 107 P2d 837; *Landis v. Wick*, 154 Or 199, 57 P2d 759, 59 P2d 403; *Kuehl v. Hamilton*, 136 Or 240, 297 P 1043; *Martin v. Oregon Stages, Inc.*, 129 Or 435, 277 P. 291.

■ We need not, however, decide that matter in this case for we are of the opinion that the defendant was not guilty of actionable negligence. Actionable negligence, for which a recovery may be had, is present whenever there is a legal duty or obligation upon a person to do or refrain from doing some act which inflicts injury upon another. The duty toward another may arise either from the failure to observe a statutory requirement or to exercise the degree of care that a reasonable person would exercise under similar circumstances. *Birks v. East Side Transfer Co.*, 194 Or 7, 241 P2d 120.

■■ In *Johnson v. Updegrave*, 186 Or 196, 201, 206 P2d 91, the following instruction was given:

"A person traveling upon a highway has the right to assume in the absence of notice to the con-

trary that all other persons using that same highway will observe the law and will exercise reasonable care to avoid injury to themselves and other persons, and he is not bound to keep a lookout for others who may violate the law.''

In the opinion in the above-case, Mr. Justice BRAND stated on page 203:

"* * * but we do hold that the right to assume that others will obey the law does not imply the right to drive negligently into a stationary obstacle whether the obstacle be a lawful or unlawful one.''

Likewise, in *Walker v. Penner*, 190 Or 542, 556, 227 P2d 316, we have stated the rule to be as follows:

"It is the rule of law that no person need anticipate negligence on the part of any other person, and a motor vehicle operator may at all times assume *until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary,* that other persons using the highway will exercise due care and obey the law, and to act accordingly; but in no event does this right of assumption relieve him of his continuing duty to maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances.'' (Italics theirs)

There existed no duty on the part of the bus driver to maintain a lookout for any vehicle entering the intersection from the west on Couch street. In fact, by reason of the ordinance providing for the establishment of one-way traffic, which carried with it the right to establish the direction in which the traffic should flow, it in effect relieved the driver of a duty to observe the approach of vehicles at this point from the west. Since the defendant was relieved of the duty to observe the approach of the plaintiff from the west

by reason of the regulation of traffic at this intersection, it would be a mockery to say that the yardstick measurement of the reasonable prudent person could apply to the matter of lookout in this case.

■ In *Daly v. Employers Liability Assur. Corporation, Ltd.* (1943; La App) 15 So2d 396, 399, the Louisiana court held:

> "* * * A prudent driver, upon approaching a street which he knows to be a one way street, looks for traffic in the direction in which it is supposed to travel and he cannot, by any rule of law or reason, be expected to anticipate that anyone is going to violate the law by proceeding into the intersection from the wrong way."

There is no evidence in this case that the driver of the bus had notice of the plaintiff's violation of the traffic law of the city of Portland.

■ There is likewise no evidence that, with notice of the plaintiff's presence, the bus was driven into the plaintiff's vehicle.

■ Since there was no evidence upon which a jury could base a finding of negligence on the part of the defendant for failure to maintain a lookout, the speed of the bus, and whether or not the bus was under proper control would be immaterial.

The judgment is reversed with instructions to sustain the defendant's motion for a directed verdict.

ROSSMAN, J., specially concurring.

I concur in the foregoing opinion, but I do not subscribe to the part which says: "Where the constitutionality of an act has not been raised as an issue in the trial court, it will not be considered here." Article VII, § 7, Constitution of Oregon, requires every member of this court, upon induction into office, to subscribe to

this oath: "I, —— ——, do solemnly swear (or affirm) that I will support the Constitution of the United States, and the Constitution of the State of Oregon, * * *." That oath, which is exacted by the constitution itself, requires us to disregard any statute or ordinance which conflicts with the constitution. It is true that some decisions, such as *The Alpha Corporation v. Multnomah County,* 182 Or 671, 189 P2d 988, contain general language declaring that unless the validity of an act was challenged in the trial court this court will treat it as valid. When the record in cases of that kind is examined it will be seen that the appellate court was unable to do otherwise than treat the act as valid, for the record afforded no basis for a finding that the challenged act invaded constitutional rights. Such is also the situation in this case. In concurring, however, I do not want it understood that we are forced to hold an unconstitutional act valid merely because its validity had not been put in issue in the trial court. Any rule of procedure which produced a result of that kind would render the constitution a vanishing document.

## ON REHEARING

ON RESPONDENT'S PETITION FOR REHEARING

Wayne A. Williamson and Mautz, Souther, Spaulding, Denecke & Kinsey, Portland, for appellant.

Hutchinson, Schwab & Burdick and Cake, Jaureguy & Hardy, Portland, for the petition.

Nels Peterson et al. filed a brief as amici curiae.

TOOZE, J.

Our original opinion in this case was handed down June 13, 1956. The plaintiff has filed a petition for

rehearing in which he alleges that we committed manifest error in our opinion in the following respects:

## "I
"In stating the facts and in quoting the law.

## "II
"In holding that the driver of the bus was not negligent when he was
"(1) Not keeping a lookout,
(2) Driving at an unreasonable speed and
(3) Driving out of control.

## "III
"In not determining that there was a question of proximate cause for the jury."

Plaintiff has also filed a 30-page typewritten brief in support of his petition. Also, in support of the petition a printed brief has been filed by a large number of prominent trial attorneys as amici curiae.

A careful examination of those briefs reveals that counsel have misconstrued our opinion. For example, at the outset of his discussion of point II of his petition for rehearing, the plaintiff makes the following statement:

"Incredibly, the court holds that as to persons proceeding against traffic on a one-way street, any other driver can:
"(1) Go at any speed,
"(2) Be out of control,
"(3) Keep no lookout,
and such conduct is not actionable negligence.

"In other words, the one-way traffic ordinance offender is a trespasser."

Plaintiff in his brief, as well as the attorneys appearing as amici curiae in their brief, assert that we

quoted with apparent approval an instruction given by the trial court in the case of *Johnson v. Updegrave,* 186 Or 196, 201, 206 P2d 91. They correctly point out that this instruction so quoted was rejected in the Updegrave case and caused a reversal of the judgment in that action. Counsel insist that we have, in effect, overruled our decision in the Updegrave case, as well as our decision in the later case of *Walker v. Penner,* 190 Or 542, 227 P2d 316, and have returned to the rule established in the case of *Schassen v. Columbia Gorge Motor Coach System,* 126 Or 363, 270 P 530. In *Walker v. Penner,* supra, we set forth the rule applicable in this state and as established in the Updegrave opinion, which rule is quoted at length in our original opinion in the instant litigation, and we expressly overruled the decision in the Schassen case.

■ In writing our original opinion we had no intention of disturbing the rule announced in the Updegrave and Penner cases. That rule is now established as the law of this state. It will be observed that under that rule a motor vehicle operator, although he need not anticipate negligence on the part of any other person and may at all times assume until he has notice to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary, that other persons using the highway will exercise due care and obey the law, and to act accordingly, yet he is not relieved of his continuing duty to maintain such a lookout as a reasonably prudent person would maintain in the same or similar circumstances. Ordinarily whether such a lookout has been maintained, and the matter of proximate cause, are questions of fact for jury determination.

■ However, "a prudent driver, upon approaching a street which he knows to be a one-way street, looks for

traffic in the direction in which it is supposed to travel and he cannot, by any rule of law or reason, be expected to anticipate that anyone is going to violate the law by proceeding into the intersection from the wrong way.'' *Daly v. Employers Liability Assur. Corporation, Ltd.,* 15 S2d 396, 399. This is particularly true at a blind corner such as was involved in the instant litigation. This does not mean, however, that a driver of a motor vehicle approaching a one-way street is relieved of his duty to also maintain a lookout ahead and observe what is entering, or is in and at, the intersection. It is argued by counsel, and we agree, that there is substantial evidence in the record to support a finding of negligence on the part of defendant, in that there is evidence of excessive speed, lack of control, and failure to maintain a proper lookout ahead, on the part of the bus driver. But that does not necessarily mean that plaintiff is entitled to recover damages from defendant on account thereof; nor does it mean that plaintiff is entitled to have the question of defendant's liability submitted to a jury as one of fact. Under all the facts and circumstances of this case, the question of defendant's liability is one for the court to determine as a matter of law.

Let it be distinctly understood that this court had no intention in its original opinion, nor does it now have such intention, to render one who has been guilty of a traffic violation a trespasser upon the highway. Although undisputably violating the law by traveling against traffic upon a one-way street and entering a through highway without first stopping, yet plaintiff was not a trespasser and subject to be treated as such.

However, in traveling on a one-way street against traffic and in entering a through street without first stopping, plaintiff was guilty of negligence as a

matter of law. This negligence attended him as he proceeded across the intersection in the wrong direction. It was with him when the actual collision occurred. It constituted contributory negligence on his part as a matter of law, which, under the issues as formed by the pleadings in this case, bars his right to a recovery, no matter how negligent the defendant may have been. As we said in *Senkirik v. Royce et al.*, 192 Or 583, 600, 235 P2d 886, "obviously, one cannot be in the exercise of due care and negligent at one and the same time." In the Senkirik case the question of whether plaintiff was actually violating the law was one of fact to be determined by the jury; here, the fact of plaintiff's violation was undisputed. See also *Leap v. Royce et al.*, 203 Or 566, 576, 279 P2d 887.

To the extent that this opinion is not in harmony with our original opinion in this case, the latter will be deemed withdrawn. We adhere to the result reached in our original opinion.

The petition for rehearing is denied.