Argued January 11, affirmed January 25, 1961

# STATE HIGHWAY COMMISSION *v.*
# HELLIWELL
358 P. 2d 719

*Samuel M. Suwol,* Portland, argued the cause and filed briefs for appellant.

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, L. I. Lindas, Assistant Attorney General and Chief Counsel for the State Highway Commission, and Charles Peterson, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

GOODWIN, J.

This is an appeal by the landowner from a judgment entered in an action to condemn land for highway purposes. The parties will be referred to as the landowner and the Commission.

In November, 1959, the Commission, in writing, offered the landowner $18,000 for the property to be taken for highway purposes. The offer was refused.

The following month the Commission commenced condemnation proceedings. The complaint alleged that the true cash value of the property being taken, combined with the damages resulting to the remainder, equalled $16,150, or $1,850 less than the original offer.

The landowner demanded $30,000 as just compensation. Upon the issues thus made up, the jury returned a verdict for $18,000. Interest at the rate of 6 per cent per annum from the date the Commission took possession on January 31, 1960 was provided for in the form of verdict submitted to the jury and was allowed in the judgment.

■ The principal question before this court arises from the fact that the damages assessed by the jury, exclusive of interest thereon, did not exceed the amount offered by the Commission in its letter of November 30, 1959.

ORS 366.380 (9) provides:

> "The costs and disbursements of the defendants, including a reasonable attorney's fee to be fixed by the court, shall be taxed by the clerk and recovered from the state; but if it appears that the commission tendered the defendants before commencing the action an amount equal to or greater than that assessed by the jury, the state shall recover its necessary disbursements from the defendants."

The trial court held on a supplemental hearing that the Commission had tendered to the landowner before commencing the action an amount equal to that assessed by the jury, and taxed costs accordingly. The net result was that the landowner had $90 in disbursements deducted from the award and was unable to recover attorney's fees from the state.

2. One assignment of error challenges the constitu-

tionality of ORS 366.380 (9). The question was not raised in the trial court, and therefore will not be considered here. *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 43, 298 P2d 835, 304 P2d 448, 62 ALR2d 265; *The Alpha Corp. v. Multnomah Co.,* 182 Or 671, 680, 189 P2d 988. As Mr. Justice Rossman observed in a specially concurring opinion in *Senger v. Vancouver-Portland Bus Co.,* supra, 209 Or at 47, the rule against considering a constitutional question for the first time on appeal is not inflexible, but the record from the trial court must afford some basis for a finding that a challenged act invades some constitutional right. We have found nothing in the record nor in the authorities cited to justify consideration of the constitutional question in the case at bar.

■ Assuming then, for the purposes of this case, that ORS 366.380 (9) is free from constitutional defect, we turn to the question of the applicability of the statute to the facts of the case. The landowner contends that even if constitutional ORS 366.380 (9) does not deny recovery of costs because the award exceeded the Commission's offer by the amount of the interest allowable and allowed in the judgment. This contention cannot be sustained. Had the landowner accepted the original offer, she could have placed the money at interest in November, 1959, had she so desired. Interest from January 31, 1960, does not make the award greater than the offer. Interest is not assessed by the jury in Oregon, unless the formality of signing the verdict is considered to be a judicial act by the jury. Even if it had been omitted from the form of the verdict, interest would have run as a matter of law. Interest follows as a matter of course from the right of the landowner to be placed in as good a position as money can accomplish, as of the date of the taking.

*State Highway Com. v. Sauers et ux*, 199 Or 417, 421, 262 P2d 678; *State Highway Com'n v. Deal et al*, 191 Or 661, 233 P2d 242. Interest being no part of the amount assessed by the jury, ORS 366.380 (9) controls.

■ The landowner contends that because the amount pleaded by the Commission in its complaint was less than the original offer, the "tender" under ORS 366.380 (9) should be the amount pleaded, which was admittedly less than the verdict. This contention is fully answered by *State Highway Com. v. Efem Whse. Co.*, 207 Or 237, 295 P2d 1101, 70 ALR2d 797, where the same theory was rejected for the reasons set forth therein. For cases from other jurisdictions see Annotation following *State Highway Com. v. Efem Whse. Co.*, 70 ALR2d supra at 804, 812. To adopt the landowner's theory would be judicially to repeal an important part of the statute, as the verdict ordinarily would not be less than the amount pleaded by the Commission.

■ The next assignment of error does not comply with Rule 19 of this court, which requires assignments of error directed against instructions given or refused to set forth the instruction *haec verba*. The landowner complains that the trial court erroneously refused a requested instruction, but does not set it out in the brief. The assignment is disregarded.

Another assignment of error is apparently directed against the refusal of the trial court to adopt the landowner's theory of severable causes of action at the hearing on the cost bill below. The landowner contends that even if the amount assessed by the jury was equal to the state's offer for the land taken, there was a separate issue of damages for loss of access to a city street with reference to a wedge-shaped piece of ground not taken.

■ It is then urged that even if no costs or attorney's fees are allowable on the issue of the value of the property taken, the landowner is entitled to the costs of her defense of her right of access to the remaining land. The contention is without merit. The action was tried, and the jury was instructed on the theory that the landowner was entitled to be made whole with reference to everything being taken, including access to a city street. The Commission conceded that the land remaining after the taking was of no value. The jury was instructed accordingly. The case was fully and fairly submitted with proper instructions to the jury to award the landowner just compensation. There is nothing in the record to suggest that the jury did not award just compensation for the total loss of the property.

Having concluded that the landowner's cost bill for disbursements and attorney's fees is barred by ORS 366.380 (9) and that the judgment appealed from must be affirmed, we have disposed of all issues properly before the court.

■ In the brief and argument, the landowner has attempted to appeal from an order denying a new trial, as well as from an order overruling a motion to enter a judgment n.o.v. Neither order is appealable. ORS 19.010; *Meyers v. Oasis Sanitarium, Inc.*, 224 Or 414, 356 P2d 159. The appeal is from the judgment.

The judgment is affirmed.