Argued January 4, affirmed May 1, 1968

PHILLIPS, *Appellant, v.* OCKER, *Respondent.*

440 P. 2d 365

*Kenneth A. Morrow,* Eugene, argued the cause for appellant. On the brief were Venn, Mulder, Morrow & McCrea, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondent. On the brief were Calkins & Bryson, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

McALLISTER, J.

This is an action for damages sustained by plaintiff when his motorcycle collided with an automobile driven by defendant at an intersection controlled by a traffic light. Each party charged the other with running a red light. The jury found for defendant and plaintiff appeals. The sole assignment of error challenges one of the instructions to the jury.

Plaintiff's complaint charged defendant *inter alia* with violating the second paragraph of the basic rule contained in ORS 483.102 (2). In its instructions the court read the first paragraph of ORS 483.102 verbatim, and paraphrased the second paragraph of the statute as follows:

> "* * * It further provides that no person shall drive at a speed which is greater than will permit the driver to exercise proper control of the vehicle and to decrease speed or to stop as may be necessary to avoid colliding with any person, vehicle, or other conveyance being lawfully and reasonably operated on the highway."

Defendant's answer charged plaintiff with contributory negligence in failing "to slow up, turn, or stop to avoid the collision." The court in referring to this charge of negligence said:

> "Now, the defendant also alleges a breach of duty in failing to slow up, turn, or stop to avoid a collision.
>
> "Now, here again, this amounts to a charge of common law negligence, failure to keep the vehicle under proper control, as to which I have already instructed you. But if you will remember the basic

speed rule also says that you will drive at such a speed that you can be able to stop, slow up, or avoid traffic, and so on, so to that extent it is also to be reviewed in the light of the statute on which I have already instructed you."

Plaintiff excepted to the above instruction as follows:

"I except to the Court's instruction concerning the last allegation of contributory negligence. That allegation was that the plaintiff—that he failed to slow up, turn or stop to avoid the collision.

"The Court instructed, I believe, to the effect that that included an allegation of lack of control, and included an allegation of speed, and further indicated that for that reason that this was a statutory allegation, allegation of statutory negligence. I submit this does not include an allegation of speed, nor does it include an allegation of control, and the Court's instruction has opened up those aspects."

■ The exception seems to complain that the court expanded the charge that plaintiff failed to (1) slow up, (2) turn, or (3) stop to avoid the collision, to also include (a) speed, and (b) lack of control. It seems to us that the allegation of failure to slow up or stop is practically synonymous with the statutory admonition "to decrease speed or to stop," and that the court did not err in calling to the jury's attention the similarity.

■ Control includes the ability to slow down, to stop, and to take evasive action. This was all implied in defendant's charge that plaintiff "failed to slow up, turn, or stop to avoid the collision." As this court said in *Johnson v. Updegrave,* 186 Or 196, 206, 206 P2d 91 (1949), "control implies, not only maintaining a rate of speed which would enable the operator to stop with a reasonable degree of celerity, but also the ability

to swerve reasonably so as to avoid a collision." If there was any enlargement of the allegation of contributory negligence, we think it was inconsequential and certainly not prejudicial.

The judgment is affirmed.