Argued September 15, affirmed November 7, petition for
rehearing denied December 10, 1969. Petition for review
denied by Supreme Court January 20, 1970. Petition
for writ of certiorari denied by United States
Supreme Court May 18, 1970

## STATE OF OREGON, *Respondent, v.*
## NATHAN ZUSMAN, *Appellant.*

460 P. 2d 872

*Leo Levenson,* Portland, argued the cause and filed the briefs for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

BRANCHFIELD, J.

The defendant was convicted of the crimes of procuring a female to engage in prostitution, (ORS 167.125), Count I of the indictment, and of receiving the earnings of a common prostitute (ORS 167.120),

Count II. He has appealed, alleging as his first assignment of error the refusal of the trial court to instruct the jury that "* * * this defendant entered into an agreement to accept her earnings from prostitution, * * *."

■ The Oregon Supreme Court has had occasions to examine prior convictions under ORS 167.120 and in the case of *State v. Goesser,* 203 Or 315, 280 P2d 354 (1955), set forth the essential elements of the crime. In addition to the time and place of the alleged crime, the elements of the crime charged are that the named woman was a common prostitute, and that some of her earnings as a prostitute were received by the defendant.

■ The actions of the defendant herein clearly come within the proscriptions of ORS 167.120 as construed in *Goesser.* The instruction requested by the defendant would have required the state to prove the existence of an agreement between the defendant and the prostitute. While the jury could well have found such agreement to exist in this case, that is not an essential element of the crime. The instruction was properly refused.

■ Defendant argues that the instruction should have been given in order for his theory of the case to be considered by the jury. *State v. Patterson,* 117 Or 153, 154-5, 241 P 977 (1925), says:

"* * * It is true that a defendant is entitled to have his theory of the case presented to the jury, with appropriate instructions, but it must be one which is well grounded in law if true. * * *"

Since defendant's requested instruction was not based upon the law, it was not a proper vehicle for presentation of his theory to the jury.

Defendant now claims that Count II of the indictment does not state facts sufficient to constitute a crime and that ORS 167.120 violates constitutional due process because it does not require allegation of *mens rea* or scienter. These objections were not raised in the trial court.

■■ The objection that an indictment fails to state facts sufficient to constitute a crime is never waived; it may be raised for the first time in this court or in the Supreme Court. But where the question is first raised in an appellate court, the allegations of the indictment are to be liberally construed in favor of the validity of the indictment. *State v. Goesser,* supra.

■ The indictment informed defendant with certainty as to the crime charged and as to what he must defend against. It contained the name of the prostitute whose earnings he was accused of receiving and told him the date and place of the alleged receipt of such earnings. The indictment included all essential elements of the crime.

■ Challenges to the constitutionality of a statute should be raised in the trial court, and not for the first time on appeal. *State v. Krause,* 251 Or 318, 445 P2d 500 (1968). *Highway Commission v. Helliwell,* 225 Or 588, 358 P2d 719 (1961), *Senger v. Vancouver-Portland Bus Co.,* 209 Or 37, 298 P2d 835, 304 P2d 448 (1956).

■ The other issues raised in this court were not presented to the trial court and will not be considered here. *State v. Hollman,* 251 Or 416, 446 P2d 117 (1968). Employment of different counsel on appeal is not cause for relaxation of that rule.

The judgment is affirmed.