Argued and submitted July 8, 1993, affirmed April 20, 1994

CITY OF PORTLAND,
a political subdivision of the
State of Oregon,
*Respondent,*

*v.*

ONE PARCEL OF REAL PROPERTY
described as Lot 11, Block 55, Irvington,
in the City of Portland, County of Multnomah
and State of Oregon, with the common address
of 1611 N.E. Siskiyou Street, Portland, Oregon;
$3,020.00 in U.S. Currency; six transformers;
five grow bulbs; three grow hoods;
one Ohaus scale; two grow light sockets;
31 adult marijuana plants;
six quarter-ounce bags of marijuana;
two bags of cross tops;
29 starter marijuana seeds;
and six High Times magazines,
*Defendants in rem,*

*and*

William Desmond HEWITT,
*Appellant.*

(9103-01362; CA A75398)

873 P2d 461

Jenny Cooke argued the cause and filed the briefs for appellant.

Jeffrey Ratliff argued the cause for respondent. With him on the brief was Michael D. Schrunk.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

## LANDAU, J.

In this civil forfeiture action, claimant appeals from a judgment entered in favor of plaintiff City of Portland (city). We affirm.

City police officers executed a search warrant and seizure order on claimant's residence. The officers found in the basement of the residence 31 adult marijuana plants, a number of "starter" plants, six baggies of marijuana, $3,020 in cash, plastic bag drug packaging materials, a scale, marijuana seeds and grow equipment, which included transformers, ballasts and halide light fixtures. The officers seized the property, including the house itself. The city then filed a complaint *in rem* against the property.[1] Claimant answered, generally denying the allegations of the complaint and asserting an affirmative defense of personal use.[2] Claimant did not allege the unconstitutionality of the forfeiture statute.

---

[1] Oregon Laws 1989, chapter 791, section 3 (text appears at note preceding ORS 166.005), provides that the following are subject to civil *in rem* forfeiture:

"(1) All controlled substances which have been manufactured, distributed, dispensed, possessed or acquired in the course of prohibited conduct;

"(2) All raw materials, products and equipment of any kind which are used, or intended for use, in providing, manufacturing, compounding, processing, delivering, importing or exporting any service or substance in the course of prohibited conduct;

"(3) All property which is used, or intended for use, as a container for property described in subsection (1) or (2) of this section.

"* * * * *

"(6) All moneys, negotiable instruments, balances in deposit or other accounts, securities or other things of value furnished or intended to be furnished by any person in the course of prohibited conduct, all proceeds of or from prohibited conduct, and all moneys negotiable instruments, balances in deposit and other accounts and securities used or intended to be used to facilitate any prohibited conduct;

"(7) All real property, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit or facilitate in any manner the commission of prohibited conduct * * *."

[2] Oregon Laws 1989, chapter 791, section 8(2), provides:

"In any action brought against property subject to forfeiture under [section 3(7), chapter 791, Oregon Laws 1989, referring to the forfeiture of real property used to commit or facilitate the commission of prohibited conduct], a claimant may plead as an affirmative defense that the controlled substance was solely for personal use."

At trial, the sole issue in contention was whether the marijuana had been produced for claimant's personal use. Claimant did not at any time question the constitutionality of the forfeiture statute. Concerning the personal use defense, one of the city's officers testified that claimant had admitted to him that he had been manufacturing and distributing marijuana, and that the size and quantity of the plants seized indicated that they were "definitely not" for personal use. Claimant testified that he grew the marijuana for personal use, "except for giving it to people who have medical or emotional needs," from whom he occasionally would accept money to "cover his costs."

Following trial, the court announced orally that the city had borne its burden of proving that probable cause existed to seize the property and that claimant had failed to establish that the marijuana was produced merely for personal use. It then entered written findings of fact and conclusions of law, which contained this finding: "The seizure and forfeiture was [sic] constitutional." Claimant appeals, asserting that the trial court erred in finding the forfeiture statute constitutional and in finding that claimant failed to establish that his marijuana had been grown for personal use.

■　We decline to review claimant's constitutional challenge, because it was not preserved. Claimant concedes that he did not raise the question of the constitutionality of the forfeiture statute at trial. He argues that we should nonetheless review the question for three reasons.

First, he argues that, under *Payless Drug Stores v. Brown*, 300 Or 243, 708 P2d 1143 (1985), he is not precluded from raising the constitutionality of the statute for the first time on appeal, because the trial court clearly understood the issue and because evidence at trial would have neither aided nor defeated the trial court's decision on the question.[3]

---

[3] Claimant notes that, at one point in the trial, the court and counsel for the city discussed the issue, and the trial court specifically ruled on the issue in its written findings of fact and conclusions of law. We are unpersuaded. The colloquy claimant refers to concerned the trial court's ruling, in another case, on the constitutionality of a provision in the forfeiture statute that does not relate to this case. As for the trial court's ruling, the findings and conclusions state that the "forfeiture and seizure was [sic] constitutional." Even assuming that that conclusion addresses the constitutionality of the statute itself, the fact remains that the trial court reached that

*Payless*, however, states no such rule. In that case, the defendants alleged in their answer the unconstitutionality of the statute at issue. They filed a motion for summary judgment on the basis of their constitutional objections. After the denial of that motion, their case went to trial, during which the defendants did not raise their constitutional defense. When the jury returned a verdict for the plaintiff, the defendants appealed on the issue of the constitutionality of the statute. The plaintiff objected that the defendants had failed to preserve the issue by neglecting to move for a directed verdict. In that context, the Supreme Court said that preservation by a second motion, in addition to the summary judgment motion, was not necessary. 300 Or at 247-48.

In this case, unlike *Payless*, claimant did not allege in his answer a defense of the unconstitutionality of the statute. Nor did claimant ever file a motion asserting the unconstitutionality of the statute. Claimant, in fact, never raised the issue at all. *Payless* provides no basis on which to review claimant's unpreserved assignment of error.

■ Second, claimant argues that we should review the constitutionality of the forfeiture statute because it is an error of law that is apparent on the face of the record. ORAP 5.45(2). The Supreme Court held in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), that to review such an error under ORAP 5.45(2),

> "the error must be one 'of law'; * * * it must be 'apparent,' *i.e.*, the point must be obvious, not reasonably in dispute; and that it must appear 'on the face of the record,' *i.e.*, the reviewing court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." 312 Or at 381.

Even if an error meets that test, we exercise our discretion to recognize unpreserved error only "with utmost caution," because of the "strong policies requiring preservation and raising of error." 312 Or at 382.

---

conclusion without the benefit of argument and briefing on the issue. Moreover, if the trial court's conclusion was error, claimant failed to preserve it by objecting to the form of the order, which was served on claimant well before the judge signed it. *See* UTCR 5.100.

In this case, the asserted error is not "apparent." Although we express no opinion on the merits of claimant's arguments, it is clear that the forfeiture statute is not obviously unconstitutional; the matter is at the very least open to reasonable debate.

■ Third, claimant argues that we should review the issue of the constitutionality of the forfeiture statute, because it is a question "of public importance." Claimant correctly notes that, at least in some instances, courts have exercised their discretion to consider unpreserved error, citing the "public importance" of the issues involved. However, those cases generally involved deprivation of life or liberty, *The Alpha Corp. v. Multnomah Co.*, 182 Or 671, 680, 189 P2d 988 (1948), or a trial court's decision that was "clearly" in error, *Agan et al v. U.S. National Bank*, 227 Or 619, 630, 363 P2d 765 (1961). Moreover, we read the Supreme Court's more recent decision in *Ailes v. Portland Meadows, Inc., supra,* to impose a more rigorous standard in determining whether to review unpreserved error, requiring us—even in cases of apparent error—to exercise our discretion to review only "with utmost caution," because of the strong policies requiring preservation of error at the trial level. 312 Or at 382; *see also State v. Castrejon*, 317 Or 202, 208-10, 856 P2d 616 (1993). Accordingly, we decline to review claimant's constitutional challenge.

■ Plaintiff also assigns error to the trial court's finding that the marijuana that the city police officers seized was not produced for "personal use." We review that finding for support by any competent evidence, viewing the evidence and the inferences that may be reasonably drawn therefrom in the light most favorable to the city. *Illingworth v. Bushong*, 297 Or 675, 694, 688 P2d 379 (1984). We find ample evidence in the record to support the trial court's finding.

Affirmed.