Argued March 30, affirmed April 27, petition for rehearing denied
May 25, petition for review denied July 25, 1972

IN THE MATTER OF KAISER, ERIK ADAM, A MINOR.

STATE EX REL JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent, v.*
CAMPBELL, *Appellant.*

496 P2d 249

*George O. Tamblyn,* Portland, argued the cause for appellant. With him on the briefs were Tamblyn, Bouneff, McLennan, Muller, Marshall & Hawkes, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, John W. Osburn, Solicitor General, and John W. Burgess, Special Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

This is an appeal from an order of the Circuit Court for Multnomah County terminating the parental rights of Karen Campbell to her child, Erik Kaiser, pursuant to ORS 419.523 (2)(a).[1] That statute provides for such termination if the parent is found to be "unfit by reason of conduct or condition seriously detrimental to the child." The father of the child, having consented to its adoption, is not here a party.

Appellant makes three assignments of error:

(1) The court erred in overruling appellant's

[1] ORS 419.523 (2)(a) provides:

"(2) The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents:

"(a) Are unfit by reason of conduct or condition seriously detrimental to the child * * *."

objection to the termination of parental visitation rights *pendente lite.*

(2) The court erred in overruling defendant's demurrer to the petition to terminate parental rights upon the ground that ORS 419.523 (2)(a) is unconstitutional as a violation of due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, and Art I, § 10, of the Oregon Constitution in that said statute is unconstitutionally broad, uncertain and vague, and

(3) The court erred in terminating the parental rights of the appellant in that the evidence was insufficient to show that she is unfit by reason of conduct or condition " 'seriously detrimental' to the child."

■ In the view we take of this case, it is unnecessary to decide appellant's first assignment of error.[2] Appellant's second assignment of error, that ORS 419.523 (2)(a) is unconstitutionally broad, uncertain and vague, has been decided adversely to her by the Oregon Supreme Court in *State v. McMaster,* 259 Or 291, 486 P2d 567 (1971).

■ Regarding appellant's third assignment of error, we are of the opinion that the evidence supports the trial court's conclusion that appellant is unfit by reason of condition seriously detrimental to her child. The court specifically found, *inter alia:*

"a. Mrs. Campbell has failed to pay support for

___

[2] We would, however, note that (1) the order terminating appellant's visitation rights *pendente lite* is not a final order from which an appeal may be taken (ORS 19.010), and (2) ORS 419.507 (1) specifically provides that, when the best interest and welfare of a child within the court's jurisdiction so dictate, the "court may specify particular requirements to be observed * * * consistent with recognized juvenile court practice, including but not limited to restrictions on visitation by the child's parents * * *." This child was already within the court's jurisdiction.

Erik and has failed to present an adequate plan for the resumption of Erik's care.

"b. Mrs. Campbell is presently unable to supply physical and emotional care for the child (if necessary with the aid of social agencies available).

"c. The condition described in paragraph b. will probably continue for time enough to render improbable successful integration of the child into a family if the parent's rights are not terminated.

"d. Mrs. Campbell's mental illness is a condition seriously detrimental to Erik.

"e. It is in the best interests of Erik that the parental rights of Karen Campbell to Erik be terminated."

Erik Kaiser was born September 3, 1967. He has been in the custody of the Multnomah County Welfare Department in foster care since June 1968. His mother, the appellant, was 21 years old at the time of his birth. She divorced his father in March 1969, about the same time as his conviction in federal court for bank robbery. Appellant soon thereafter married her present husband. She is currently separated from him and cohabiting with a Lester Peck. Appellant has a history of hospitalization in mental institutions, beginning when she was 14 years old. She was committed to and released from Dammasch State (mental) Hospital seven times between February 1966 and January 1969. At the time of trial, appellant was a patient at Dammasch State Hospital. While appellant has evidenced a continued interest in Erik, there was testimony indicating that her visitations with her child had been sporadic.

Dr. Carl Morrison, a psychiatrist who examined appellant, testified that she suffers from a chronic, undifferentiated schizoid reaction. Her condition requires the regular taking of medication, the lack of

which causes her to get upset and lose control. Treatment of appellant's illness has in the past been made difficult because of her neglect to regularly take her medication.

Dr. Morrison's prognosis concerning appellant's ability to care for herself was "fair," so long as she has continuous medication and not too much responsibility. As far as caring for other people, and particularly children, the doctor testified that "the probability is much less that * * * [she] can be improved to that extent." Thus, he stated, even if her condition improved with respect to effectively caring for herself, her ability to "care for other people, I would say it would not be good."

If the child were placed with the appellant, Dr. Morrison testified that the effect upon Erik

"* * * would be detrimental. It would be detrimental from the standpoint of it being vacillating, not continuous care.

"The poor judgment [of appellant] would affect directly and make the child insecure and as a result [he] could not emotionally develop."

Even if custody were to remain with foster parents, appellant retaining parental and visitation rights, Dr. Morrison stated that would be very disturbing for the child. Another witness, Dr. Moss, who had treated appellant in the past and was familiar with her mental condition, agreed with Dr. Morrison. He testified that the present arrangement, whereby appellant would visit Erik in foster homes, "certainly * * * has not been beneficial to the child."

Dr. Shirley Deale, who was treating appellant at the time of trial, testified that her mental con-

dition had fluctuated. Discharge, she stated, would probably not be for months.

Mrs. Mary Myers, appellant's caseworker from the Multnomah County Welfare Department, testified to the appellant's erratic living pattern and lack of concrete plans for providing for Erik. Appellant offered no evidence to contradict any of the above testimony.

In *State v. Blum,* 1 Or App 409, 463 P2d 367 (1970), this court was presented with a situation similar to that in the case at bar. In *Blum,* we pointed out that

"* * * [a] court's judgment terminating parental rights under this statute must be supported by a preponderance of the evidence, proving (1) that the parent is presently unable to supply physical and emotional care for the child (if necessary, with the aid of social agencies available), and (2) that this condition will probably continue for time enough to render improbable successful integration of the child into a family if the parent's rights are not terminated. * * *" 1 Or App at 417.

As in *Blum,* the evidence here supports the findings made by the trial judge in terminating parental rights.

Affirmed.