Argued May 17, dismissed May 26, 1972

WATSON, *Appellant, v.* McNAMARA ET AL,
*Respondents.*

497 P2d 682

*Howard R. Lonergan,* Portland, argued the cause and filed the brief for appellant.

*William T. Park,* Portland, argued the cause for respondents. With him on the brief were Marian C. Rushing, City Attorney, Stanley O. Torgrimson, Senior Deputy City Attorney, and Desmond D. Connall, District Attorney, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

PER CURIAM.

This appeal is from a judgment of the circuit court which upheld the chief of police of the City of Port-

land in denying plaintiff a permit to carry a concealed revolver pursuant to ORS 166.290 (1). That statute in pertinent part provides:

> ORS 166.290 (1). "The sheriff of a county * * * chief of police * * * or other head of the police department of any city * * * of this state, upon proof before said person * * * that the person applying therefor is of good moral character, and that good cause exists for the issuance thereof, have authority to issue to such person a license to carry concealed a pistol, revolver or other firearm * * * ."

While the appeal in this court was pending, the plaintiff was issued a permit to carry a concealed pistol by the sheriff of Klamath County. Plaintiff contends that this action renders moot[1] the case on appeal. We agree. The appeal is dismissed.

---

[1] In Attorney General's Opinion No. 1749 (25 Ops Atty Gen 176, No. 1749 (1951)) it was pointed out that ORS 166.290 does not limit the license to carry concealed weapons to the area of the granting authority. It appears that this statute is part of a uniform act (33 Ops Atty Gen 31, No. 6171 (1966)) and that appellate courts of other states also have construed it to the same effect. Under these opinions, if an applicant is refused a license in Multnomah County, but gets one in Klamath County, the one he gets allows him to carry the concealed weapon anywhere in the state.