Argued June 25, affirmed July 26, 1976

In the Matter of Goebel, George John
and John Melvin, Children
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*
GOEBEL et al, *Respondents—Cross-Appellants,*
*v.*
GOEBEL et al, *Appellants—Cross-Respondents.*
(No. 56,019, CA 5361)

552 P2d 281

*Rita Radich,* Portland, argued the cause and filed the briefs for appellants—cross-respondents.

*Gene A. Killeen,* Portland, argued the cause for respondents—cross-appellants. With him on the brief were Solomon, Warren, Killeen & Kirkman, Portland.

*James A. Hill, Jr.,* Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

This appeal arises out of a proceeding brought by the Multnomah County Juvenile Department to have two allegedly neglected children made wards of the court. After a preliminary hearing the trial court ordered the two children taken from the parents, made wards of the court and placed in shelter care at Waverly Children's Home. Two months later, following a full-scale hearing, the court returned the children to the parents, but concluded that the children should continue as wards of the court.

The parents appeal contending that the court erred: (1) in taking the children from the parents' home and detaining them until the final hearing; (2) in overruling the parents' demurrer to the allegations of the amended petition; and (3) in finding there was sufficient evidence to take jurisdiction of the children.

The children cross-appeal, contending that the court erred in permitting the children to be returned to the parents after making them wards of the court at the conclusion of the hearing.

The facts may be summarized as follows: The petition to make the children wards of the court was filed after child welfare workers informed the district attorney's office that they had been in the family home, found the two children to be undernourished, dirty and lacking physical and mental development normal for their ages of then three and nearly two. In addition to the foregoing, the petition alleged that the children's condition and circumstances were endangering their welfare; that the parents failed to provide them with care, guidance and protection; that the home was in a state of extreme filth; that the children appeared to be underfed and undernourished; and that the parents failed to provide for their medical needs or meet minimum standards of hygiene.

The trial judge, after a full-scale hearing on the merits, found that the children were suffering from

developmental delay; that the parents failed to acknowledge the problem and failed to cooperate with social services. The father is 62 years of age and physically handicapped. The mother is 24 and suffers from epilepsy.

The state's brief in behalf of the Multnomah County Juvenile Department raises an additional issue: that the order temporarily detaining the children was an interlocutory order and as such was not appealable under ORS 19.010. In support of this position the state invites our attention to a footnote in *State ex rel Juv. Dept. v. Campbell,* 9 Or App 396, 398, 496 P2d 249, Sup Ct *review denied* (1972). In *Campbell,* although we did not decide this issue, we said that an order terminating a parent's visitation rights *pendente lite* was not a final order from which an appeal could be taken.

■ It is our view that although the parents here would not have been entitled to appeal from the temporary order at the time it was entered, this order might nevertheless be assignable as error in this proceeding but for the fact that it is now moot.

We have examined the entire record *de novo* and have reached the following conclusions concerning this case:

■ (1) The parents' first contention is moot because a reversal of the challenged preliminary order would have nothing upon which to operate. The children are now back in the physical custody of the parents. *Watson v. McNamara,* 9 Or App 448, 497 P2d 682 (1972).

■ (2) The allegations of the amended petition were sufficiently clear and definite so that a person of average intelligence would know what was intended. *State v. Sluder,* 1 Or App 457, 463 P2d 594 (1970). The court did not err in overruling the parents' demurrer. The parents' argument on this point is based upon their analogizing the juvenile court proceedings to criminal proceedings. This is a faulty analogy: *see, State v.*

*McMaster,* 259 Or 291, 296, 486 P2d 567 (1971); Hicks, *State v. McMaster: Due Process in Termination of Parental Rights,* 8 Will L J 284, 287 (1972). Our Supreme Court in *McMaster* explained:

"* * * The welfare of the child is the primary consideration of the Juvenile Code of 1959. ORS 419.474. * * * What might be unconstitutional if only the parents' rights were involved is constitutional if the statute adopts legitimate and necessary means to protect the child's interest. * * *" 259 Or at 296.

■ (3) Without detailing the evidence offered at the hearing, it is our conclusion that the evidence in the record supports the allegations that:

"B. Both children are suffering from developmental delay and have been medically diagnosed as 'failure to thrive.'[1]

"C. The parents fail to acknowledge the aforementioned condition of their children and have failed to cooperate with the medical and social agencies attempting to provide preventive and remedial services."

The testimony concerning the above conditions given by the social workers was corroborated by Mrs. Goebel's mother and sister. Some of this, however, was contradicted by two county health nurses who had been in the parents' home.

■ As to the cross-appeal filed on behalf of the children, we reach the same conclusion as did the experienced trial judge, namely, that the parents should be

---

[1]This is a technical term used by physicians and welfare workers who testified at the hearing. Dr. McFarlane defined the term as follows:

"The expression, 'failure to thrive' is an expression that has only been used, commonly used, in, say, the last ten years; and it includes within its concept not only delay in the things we talked about, speech and language and motor milestones, but also physical growth and development, and there are milestones that we usually expect a child to achieve if getting the right food and nurture and attention each day in the right amount and so forth. The child usually gains double his weight by six months and almost triples it by a year — his birth weight I am talking about. During the first few months there is a very rapid physical growth; and when you associate delay in physical growth and delay in other measurements of development, you usually use the expression 'failure to thrive.' "

allowed an opportunity to improve their performance as parents. Prudently the court has provided that the children shall continue as wards of the court. We agree. Should the hoped for change not occur, further proceedings can be initiated in behalf of the children.

■ Lastly, the parents in their reply brief attack the constitutionality of ORS 419.476(1)(c) and (e).[2] This contention comes too late for consideration in this proceeding. *Highway Com. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *State v. Zusman,* 1 Or App 268, 460 P2d 872 (1969), Sup Ct *review denied, cert denied* 398 US 905 (1970).

Affirmed.

---

[2] ORS 419.476(1)(c) and (e) provides:

"(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:
"\* \* \* \* \*

"(c) Whose behavior, condition or circumstances are such as to endanger his own welfare or the welfare of others; or
"\* \* \* \* \*

"(e) Either his parents or any other person having his custody have abandoned him, failed to provide him with the support or education required by law, subjected him to cruelty or depravity or to unexplained physical injury or failed to provide him with the care, guidance and protection necessary for his physical, mental or emotional well-being; or
"\* \* \* \* \*."