Argued October 7, affirmed October 19, 1966

## STATE OF OREGON *v.* NIKKI LAYNE

419 P. 2d 35

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief

were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

## PER CURIAM.

Defendant appeals a conviction of violating ORS 474.020 (possession of marijuana). There are two assignments of error, both without merit.

■ The first challenges the constitutionality of the relevant sections of the Uniform Narcotic Drug Act on the ground that the statute delegates to the State Board of Pharmacy the duty to define narcotic drugs. The point was not raised in the trial court, and is not, therefore, properly before us on appeal.

■■ We disregard the assignment for the further reason that courts do not decide the constitutionality of statutes upon hypothetical cases. It will be appropriate to consider the constitutional question if and when the State Board of Pharmacy should add a new drug to the current statutory list of proscribed drugs, and if a conviction thereafter is based upon the administrative rule. That problem is not before us. The only drug which the defendant was convicted of using was a drug specifically proscribed in ORS 474.020.

■ The second assignment challenges an instruction which told the jury at length that its duty was to decide the facts and to follow the law as given by the court. The assignment contends that such an instruction offends Oregon Constitution, Art I, § 16, which provides that in criminal cases the jury "shall have the right to determine the law, and the facts

under the direction of the Court as to the law, and the right of new trial, as in civil cases."

The ambiguity in the wording and punctuation of Art I, § 16, has been resolved by *State v. Wong Si Sam*, 63 Or 266, 127 P 683 (1912); *State v. Daley*, 54 Or 514, 103 P 502, 104 P 1 (1909); *State v. Walton*, 53 Or 557, 99 P 431, 101 P 389, 102 P 173 (1909); *State v. Reed*, 52 Or 377, 97 P 627 (1908). An instruction that the jury is to follow the law as given by the court is a correct statement of the law.

Affirmed.