Argued October 7, affirmed October 26, 1966

# STATE OF OREGON *v.* JAY VARNEY

### 419 P. 2d 431

*George A. Haslett, Jr.,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were George Van Hoomissen, District Attorney, and George M. Joseph, Deputy District Attorney, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

LUSK, J.

The defendant was convicted of the crime of illegal sale of a certain narcotic drug, to wit, heroin, and has appealed.

The first assignment of error attacks the constitutionality of the statute which he is charged with violating: ORS 474.010 (18); ORS 474.020 (1). The question was not raised in the court below and is not before us. Heroin is named in ORS 474.010 (18) as a narcotic, the sale of which is prohibited by ORS 474.020 (1). The attack is upon that part of ORS 474.010 (18) which, in addition to drugs specifically mentioned, defines narcotic drugs as "other drugs to which the federal narcotic laws may now or hereafter apply; or any drug found by the State Board of Pharmacy, after reasonable notice and opportunity for hearing, to have addiction-forming or addiction-sustaining liability similar to morphine or cocaine, from the publication of such finding." It will be time enough to consider the constitutionality of these provisions when an indictment is brought under them. As in *State v. Layne,* 244 Or 510, 419 P2d 35 (decided October 19, 1966), we decline to consider the question.

It is next urged that the court erred "in denying defendant's motion requiring the state to produce [a] material witness, Bruce Jones."

The defense was entrapment and the record discloses that Bruce Jones was an informant through whom the Multnomah County sheriff's deputies, acting under cover, got in touch with the defendant to make purchases of heroin from him. Before the taking of testimony commenced counsel for the defendant asked "the aid of the Court in divulging to us at this time if the District Attorney's office has this information or if I can obtain the information from the Sheriff as to some means of locating Bruce Jones." Counsel for defendant also made a statement as to the materiality of the testimony he expected to elicit from Jones.

The deputy district attorney in charge of the prosecution disclaimed knowledge of the whereabouts of Jones and in a lengthy statement detailed the efforts his office had made at the request of defendant's attorney to find Jones. There is no contention that the state was hiding a material witness. Actually there was no motion. Defendant's counsel asked for information and was given all the information that the prosecutor had.

Nevertheless, an argument is made here, based upon the decision of this court in *State ex rel. Gladden v. Lonergan,* 201 Or 163, 269 P2d 491, that the provision of Article I, Section 11, of the Oregon Constitution preserving to the accused in all criminal prosecutions the right "to meet the witnesses face to face," includes not only the witnesses for the state, but those for the accused as well. It is urged that (although the defendant made no motion for a continuance) "it was denial of defendant's constitutional rights to a fair trial for the trial court not to have postponed the trial on its own motion."

The *Lonergan* case, which determined that a

circuit judge could lawfully require the Warden of the State Penitentiary to produce a prisoner in the penitentiary at the trial of a criminal case pending before the judge to testify on behalf of the defendant, has nothing to do with the present question. Neither has the holding that the provision of Article I, Section 11, above quoted, applies both to the defendant's and the state's witnesses. The right of the accused to face his own witnesses does not imply a constitutional right to have a trial postponed because the whereabouts of a desired witness is unknown. An accused has a right "to have compulsory process for obtaining witnesses in his favor": Oregon Constitution, Article I, Section 11. That right has not been denied the defendant in this case for it was never invoked.

Defendant's attorney at the trial was court appointed and, considering what he had to work with, represented his client well. He knew for a considerable length of time before the trial date that Jones was a material witness. Had a motion for continuance been made, either before trial or unseasonably at trial, its allowance or denial would have been addressed to the discretion of the trial judge. In the absence of such a motion the defendant has nothing to complain about.

■ The only other assignment of error is to the instruction which the court gave on entrapment. No exception was taken to the instruction and we, therefore, decline to notice the alleged error.

The judgment is affirmed.