Argued December 3, 1968, affirmed January 15, petition for rehearing denied February 18, 1969, United States Supreme Court denied certiorari June 2, 1969

# STATE OF OREGON, *Respondent, v.* ROBERT EDWARD GIVENS, *Appellant.*

449 P. 2d 151

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

478

Before Perry, Chief Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Langtry, Justices.

SLOAN, J.

Defendant was convicted of receiving and concealing stolen property. The property consisted of three guns. Defendant, and two companions, had been placed in custody in Gridley, California, after they attempted to sell the guns to the proprietor of a secondhand store. Later, defendant waived extradition and was returned to Marion county where he was tried and convicted.

At the trial, the state called the chief of police at Gridley, California, to testify as to statements made to him by defendant after defendant was in custody. The state also called an Oregon state police officer to testify as to statements made to him after defendant was returned to Oregon. The statements made by defendant to each officer were exculpatory. Defendant objected to the testimony of both the officers on the basis that statements made to the officer by defendant were in violation of the requirements of *Miranda v. Arizona,* 1966, 384 US 436, 86 S Ct 1602, 16 Led2d 694, 10 ALR3d 974.

Following defendant's objections the trial court held an *in camera* hearing after which he found the *Miranda* requirements had been met. The evidence was typically contradictory as to the advice given to defendant by the Gridley chief of police when he first questioned defendant. The chief testified that he read from a card or paper the *Miranda* required advice, defendant denied it. We will not disturb the trial court's finding that the advice was given.

 When the state police officer questioned defend-

ant, after the latter's return to Oregon, he merely asked defendant if he had been advised of his rights in California to which defendant replied that he had. Other evidence indicates that defendant was fully cognizant of his right to say nothing and to seek the services of an attorney before he made any statement or comment to the police officer. The evidence supports the trial court's determination that the statements made to the Oregon police officer were completely voluntary and knowledgeably made.

■ On appeal, defendant forcibly argues that the arrest in California was unlawful and, therefore, everything that followed was tainted by the bad arrest. That issue was not presented to the trial court and not decided there. If it had been raised in the trial court, additional evidence could have been received on the subject. We will not consider the question on appeal. *State v. Varney,* 1966, 244 Or 583, 419 P2d 430.

■ For the same reason we will not review a second assignment which claims the court erred in admitting evidence during the trial. No objection was made when the evidence was offered.

The judgment is affirmed.