Argued November 17, 1969, affirmed January 15, petition
for rehearing denied March 3, 1970.   Petition
for review denied by Supreme Court
April 7, 1970

# CITY OF PORTLAND, *Respondent, v.*
# TRUMBULL ASPHALT COMPANY,
## *Appellant.*

## Nos. M-49003, M-49438 and M-50192
463 P2d 606

[1]

Virgil Langtry, Judge. Case No. M-49003.

Charles W. Redding, Judge. Case No. M-49438.

Phillip J. Roth, Judge. Case No. M-50192.

*Emory J. Crofoot,* Senior Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief was Marian C. Rushing, City Attorney, Portland.

*Herbert H. Anderson,* Portland, argued the cause for appellant. With him on the briefs were McColloch, Dezendorf & Spears and Anthony J. Barker, Portland.

Before Schwab, Chief Judge, and Foley, Fort and Branchfield, Judges.

BRANCHFIELD, J.

Defendant, a corporation, was charged on three different occasions with violating provisions of the air quality control code of the city of Portland. It was found guilty in municipal court on all three

charges. The defendant appealed to the circuit court for Multnomah County and in separate trials was again found guilty on all three charges.

After the entry of the judgments, the defendant appealed to the Supreme Court. These cases were there consolidated.

After the cases were consolidated on appeal, the plaintiff moved for an order dismissing the appeal on the ground that there was no question for the court to decide. The city claimed that ORS 221.360 granted to the Supreme Court jurisdiction to decide only constitutional questions on appeals from cases involving violations of municipal ordinances. The Supreme Court denied the motion but gave the city leave to renew the motion on oral argument.

■ This court came into existence on July 1, 1969, and this consolidated case was assigned to this court as contemplated by law. At the time of oral argument in this court, the plaintiff raised the question of the jurisdiction of this court to consider these appeals. The jurisdictional question requires our first attention. We have only such appellate jurisdiction as is given by the legislature. In *Portland v. Duntley,* 185 Or 365, 371, 203 P2d 640 (1949), the Supreme Court said:

> "Except for that limited class of cases in which the Supreme Court exercises original jurisdiction, this is an appellate court deriving its jurisdiction from the statutes. They are the sole source of appellate jurisdiction * * *."

ORS 221.360 is the only statute permitting an appeal beyond the circuit court from a conviction in municipal court for violation of a municipal ordinance. That

statute, as amended in 1969 to apply to this court, is set forth in the margin.[1]

In *City of Salem v. Polanski,* 202 Or 504, 510, 276 P2d 407 (1954) in granting a motion to dismiss an appeal based on ORS 221.360, the Oregon Supreme Court ruled:

> "We hold, therefore, that there can be no appeal from the circuit court to the Supreme Court in cases involving ordinance violations, arising in the municipal court and appealed to the circuit court, excepting only where constitutional questions are involved. * * *"

To the same effect, see *City of Portland v. Welch,* 229 Or 308, 364 P2d 1009, 367 P2d 403 (1961).

The first assignment of error is the only one which states a constitutional question. It alleges that the ordinance violates the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, § 20 of the Constitution of the State of Oregon, in that it lacks standards for enforcement. The city of Portland denies that the constitutional

---

[1] ORS 221.360 (as amended by Section 78, Chapter 198, Laws 1969).

"In all cases involving the constitutionality of the charter provision or ordinance under which the conviction was obtained as indicated in ORS 221.350, such person shall have the right of appeal to the circuit court in the manner provided in ORS 221.350, regardless of any charter provision or ordinance prohibiting appeals from the municipal court because of the amount of the penalty or otherwise. An appeal may likewise be taken in such cases from the judgment or final order of the circuit court to the Court of Appeals in the same manner as other appeals are taken from the circuit court to the Court of Appeals in other criminal cases. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the charter provision or ordinance, the decision of the appellate court shall be upon such constitutional issue only."

question was raised in the courts below. The defendant does not contend that it was raised below, but insists that we must decide it anyway when a conviction has been obtained, arguing that the constitutionality of the act determines whether a crime has been committed.

██ The rule against considering a constitutional question for the first time on appeal is not inflexible, but there must be some compelling reason to justify this court in ruling upon a question not presented to the trial court. *Highway Com. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *State v. Zusman,* 1 Or App 268, 460 P2d 872, cert den 398 US 905, 26 LEd2d 65 (1970). We find no compelling reason in this case.

█ A constitutional objection to a city ordinance should be raised first in the trial court, just as has already been required when a defendant has been convicted of violating a state statute. See *State v. Varney,* 244 Or 583, 419 P2d 431 (1966) and *State v. Layne,* 244 Or 510, 419 P2d 35 (1966).

Affirmed.