Argued January 19, affirmed March 5, petition for
review denied June 9, 1971

CITY OF PORTLAND, *Respondent, v.*
HELEN C. OLSON, *Appellant.*

481 P2d 641

*Howard R. Lonergan,* Portland, argued the cause for appellant. With him on the brief was Glenn A. Geurts, Portland.

*John E. Holmen,* Deputy City Attorney, Portland, argued the cause for respondent. With him on the brief was Marian C. Rushing, City Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is an appeal from a probation revocation. Defendant was convicted in Portland municipal court on July 22, 1968, of violation of a city ordinance prohibiting bringing people together for purposes of prostitution. She was sentenced to 180 days in jail and to pay a $200 fine. She appealed to the circuit court, and was again found guilty in a de novo jury trial on which judgment was rendered January 16, 1969. The circuit

judge suspended imposition of sentence for five years and placed her on probation on condition she pay a fine of $200, plus $100 costs, and that she reside out of Oregon but write the court every 90 days "in regard to her residence and her employment * * *." The requirement that she reside out of Oregon was proposed to the court by defendant, and thus incorporated as a condition of her probation at her own instance.

Defendant was arrested for probation violation, pursuant to ORS 137.550, in Portland on a warrant issued December 3, 1969, by the circuit court after hearing the sworn testimony of a police officer which supported the arrest. The arresting officers seized, in her bedroom and immediate presence, pornographic films and books with numerous names and telephone numbers written into them. The defendant, at the subsequent probation violation hearing, moved to suppress this evidence. After the hearing the court found

> "* * * that the defendant has violated the terms of probation; that * * * she is more than likely engaged in prostitution activities; that she wrote the court * * * from Seattle leading me to believe that she was still in Seattle when in fact she has come to Portland * * *."

Probation was revoked by an order signed December 19, 1969, and she was sentenced to six months in jail.

Defendant has assigned as error:

■ (1). At the circuit court jury trial in October 1968, the defendant's United States Constitution Fifth Amendment rights were violated. The brief sets out the part of the transcript from which defendant derives this contention. It shows that no objection was made on Fifth Amendment grounds at the time. *City*

*of Portland v. Trumbull Asphalt,* 2 Or App 1, 463 P2d 606, Sup Ct *review denied* (1970), and cases therein cited, hold that there can be no appeal of a municipal court conviction for violation of a city ordinance beyond the circuit court, except where constitutional questions defined in ORS 221.360 are involved. The claim asserted here does not fall within that category. It is unnecessary to consider whether it could nevertheless be raised in this appeal because no objection was made at the circuit court trial on Fifth Amendment grounds. See *Trumbull* and *State v. Frye,* 2 Or App 192, 465 P2d 736 (1970), which holds that we will not entertain an appeal in a situation where the appeal is not taken within 60 days from a sentence of probation. Notice of appeal in this case was not filed until over 11 months had passed.

■ Defendant also asserts under this assignment that a provision of Portland's 1903 special legislative charter, which tied appeals from the municipal court to the justice court procedure, was not considered by us in *Trumbull,* that it must be considered, and, hence, our *Trumbull* holding was erroneous. ORS 221.350 through ORS 221.390, applied in *Trumbull,* are general procedural statutes applicable to all municipal court appeals. Such general statutes supersede particular city charter provisions in contravention of them. *In Re Application of Boalt,* 123 Or 1, 12, 260 P2d 1004 (1927), and *Grayson; Heer v. State,* 249 Or 92, 98-99, 436 P2d 261 (1968). There is no merit in the first assignment of error.

■ (2). Defendant contends the court erred in revoking probation, specifically complaining that the court could not constitutionally require defendant to leave the state as a condition of probation, and that the

court must have had a written report of probation violation before it could set revocation proceedings in motion. With reference to the latter point, defendant cites us no statute or precedent which prescribes a *written* report. The sworn testimony the court took was adequate basis for the warrant.

■ If the defendant sought to challenge the validity of the terms of the probation, she must have done so by an appeal from that judgment. *State v. Frye*, supra. The 60 days allowed therefore by ORS 138.070 had long since expired when the notice of appeal was filed. Furthermore, the term of probation she contends was invalid because it unconstitutionally exiled her from the state was incorported therein at her instance. Her position is insecure in view of this circumstance. In *Bozza v. United States*, 330 US 160, 166-67, 67 S Ct 645, 91 L Ed 818 (1947), the United States Supreme Court said:

"\* \* \* The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner \* \* \*."

■ (3). This assignment is that the court should have allowed a motion in arrest of judgment which defendant filed January 5, 1970. The grounds which the motion alleges were grounds which, if they were to be raised at all, must have been raised against the original judgment within the time limit prescribed by ORS 136.810 and ORS 17.615. Ten days is allowed after filing of the judgment. The motion was not timely filed; consequently, the circuit court could not entertain nor will we consider it.

■ (4). This assignment is that defendant's motion to suppress the pornographic films and books with

names and telephone numbers in them should have been granted.

The evidence was that these items were in defendant's immediate presence, in her bedroom, when she was arrested there. Defendant was properly arrested under the provisions of ORS 137.550 and the items seized were relevant evidence of probation violation. Defendant was accorded the constitutional protections to which she was entitled under the circumstances. *State v. Frye*, supra, and *Gebhart v. Gladden*, 243 Or 145, 150, 412 P2d 29 (1966).

Affirmed.