Argued April 21, affirmed May 28, 1971

In the Matter of Robert Clark Patton, a Minor Child.

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY, *Respondent, v.* PATTON, *Appellant.*

485 P2d 653

*Donald W. Varnes,* Portland, argued the cause for appellant. With him on the brief were Hedrick & Fellows, Portland.

*Elizabeth Preston,* Deputy District Attorney, Portland, argued the cause for respondent. With her on the brief was Desmond D. Connall, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Barbara Patton appeals from the disposition order of the Multnomah County Circuit Court, Juvenile Department, terminating her parental rights with respect to her son, Robert Clark Patton. She contends that the court erred in denying her request for additional time in which to rehabilitate herself and submit a plan for the resumption of care of the child. In addition appellant challenges the constitutionality of ORS 419.525 (2).

The arguments in support of appellant's first assignment of error constitute more a plea to this court for compassion for her plight than an attack

upon the legality of the juvenile court proceedings. We readily agree with appellant that it is a most drastic measure for a state to sever the relationship between a mother and her child and such action will not be taken except under unusual circumstances. However, of paramount concern in a proceeding such as this is the welfare of the child. *State v. McMaster,* 4 Or App 112, 476 P2d 814 (1970), *rev'd* 92 Adv Sh 1563, 259 Or 291, 486 P2d 567 (1971); *State v. Blum,* 1 Or App 409, 463 P2d 367 (1970).

■ On May 18, 1965, the juvenile court made the child Robert, then age 11 months, a ward of the court and temporarily committed him to the Multnomah County Public Welfare Commission for placement and supervision in a foster home. The disposition order stated that

> "Robert's mother has subjected the child to depravity and failed to provide him with the guidance and protection necessary for physical and emotional well-being * * *."

Robert has been under foster care ever since. On February 24, 1970, the petition originating the present proceedings was filed, praying for a termination of parental rights. Following a hearing on the matter the court found that the evidence established *inter alia* that since 1965 appellant had been convicted of seven assorted crimes, that her probation had been revoked, that she had persisted in an errant and unstable way of life, that her whereabouts had been unknown to the Multnomah County Public Welfare Commission for extended periods of time, and that she had never provided the Commission with a plan for the resumption of care for her child. Indeed, appellant admitted some of this then and does not contest any of it now. Her

position is, essentially, that she should have been given another chance because she was unaware of the serious consequence of loss of her parental rights. The juvenile court in its order terminating parental rights said:

"In consequence, the Court, mindful of State vs. Grady[1]; State vs. Bloom [sic][2]; Simons vs. Smith[3]; Parmele vs. Mathews[4]; and in particular reference to Subparagraph 2(a)[5] of Section 419.-523, is convinced that the best interests of the child and the obligation of the Court dictates that there be a termination of the parental rights of the mother."

The record indicates that the juvenile court properly exercised this power of termination.

■ Appellant's second assignment of error presents a constitutional issue not raised in the juvenile court proceedings. This court will generally not consider such an issue for the first time on appeal without some compelling reason to justify doing so. *Highway Com. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *City of Portland v. Trumbull Asphalt,* 2 Or App 1, 463 P2d 606, Sup Ct *review denied* (1970). We find no such reason here.

Affirmed.

---

[1] State v. Grady, 231 Or 65, 371 P2d 68 (1962).

[2] State v. Blum, 1 Or App 409, 463 P2d 367 (1970).

[3] Simons et ux v. Smith, 229 Or 277, 366 P2d 875 (1961).

[4] Parmele v. Mathews, 233 Or 616, 379 P2d 869 (1963).

[5] ORS 419.523 (2)(a) provides:

"The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents:

"(a) Are unfit by reason of conduct or condition seriously detrimental to the child * * *."