Argued October 23, dismissed for want of jurisdiction
November 4, 1974

STATE OF OREGON, *Respondent, v.*
ANN KINGSLEY (No. 74-01-0295 Cr.), *Appellant.*
527 P2d 744

*Lyle W. Banton,* Portland, argued the cause for appellant. With him on the brief were Cornilles & Banton, Portland.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Defendant having been served with a citation charging her with a violation of Portland City Ordinance, Section 13.04.060,

> "* * * [Defendant] did then and there own a dog * * * answering to Charlie * * * [and] willfully and unlawfully violate Municipal Ordinance of Portland, Oregon, by knowing or having reason to know the dog has bitten * * * Mrs. Logan's cat [name not stated] * * *,"[1]

was tried and convicted in the District Court of Multnomah County. The case was tried in district court under the provisions of ORS 46.045 (1) enacted by the 1971 legislature, providing:

> "The district court for a county within the boundaries of which there is situated the largest part of a city having a population of more than 300,-000 [Portland] shall have all judicial jurisdiction, authority, powers, functions and duties of the municipal court of each such city and the judges thereof with respect to all violation of the charter and ordinances of each such city."

Apparently the case was captioned, "State of Oregon v. Kingsley," rather than, "City of Portland v. Kingsley," because of ORS 221.315 (1) which reads:

> "Prosecution of violations of city charter or ordinances in district court shall be by the city

---

[1] The defendant does not contend that the charge is void for vagueness for failure to sufficiently identify the ultimate victim and therefore we do not consider that issue.

attorney and in the name of such city. An agreement may be made, pursuant to ORS 190.010, between any city and the county in which all or part of such city is located, that such violations be prosecuted for such city in the district court by the district attorney in the name of the State of Oregon."

In any event defendant, having been found guilty in the lower court, appealed to the circuit court, where she was again found guilty. On appeal to this court she makes three assignments of error, none of which challenge the constitutionality of the ordinance she was charged with violating. ORS 221.350 and 221.360 were enacted long before ORS 46.045. ORS 221.350 in pertinent part provides:

"Whenever any person is convicted in the municipal court of any city of any offense defined and made punishable by any city charter or ordinance * * * such person shall have the same right of appeal to the circuit court * * * as now obtains from a conviction from courts of justice of the peace * * *."

ORS 221.360 in pertinent part provides:

"In all cases involving the constitutionality of the * * * ordinance under which the conviction was obtained as indicated in ORS 221.350 * * *. An appeal may * * * be taken * * * from the judgment * * * of the circuit court to the Court of Appeals * * *. Where the right of appeal in such cases depends upon there being involved an issue as to the constitutionality of the * * * ordinance, the decision of the appellate court shall be upon such constitutional issue only."

In *City of Salem v. Polanski*, 202 Or 504, 276 P2d 407 (1954), the Supreme Court, interpreting ORS 221.350 and 221.360, held:

"* * * [T]here can be no appeal from the circuit court * * * in cases involving ordinance viola-

tions, arising in the municipal court and. appealed to the circuit court, excepting only where constitutional questions are involved * * *." 202 Or at 510.

On numerous occasions this court has called attention to the relevant statutes and to *Polanski. See City of Mount Angel v. Van Cleave,* 15 Or App 352, 515 P2d 730 (1973); *Tillamook City v. Bogart,* 9 Or App 428, 496 P2d 34 (1972); *City of Salem v. Kimball,* 5 Or App 49, 482 P2d 191 (1971); *City of Portland v. Olson,* 4 Or App 633, 481 P2d 641, Sup Ct *review denied* (1971); *City of Portland v. Fry Roofing Co.,* 3 Or App 352, 472 P2d 826, Sup Ct *review denied* (1970); *City of Portland v. Trumbull Asphalt,* 2 Or App 1, 463 P2d 606, Sup Ct *review denied* (1970). Although these statutes were not referred to when ORS 46.045 (1) was adopted, we discern the legislative intent to be that when the District Court of Multnomah County functions as Portland's municipal court, appeals from its judgments in such matters be treated as appeals from municipal court. It follows that we are without jurisdiction to entertain this appeal.

Appeal dismissed for want of jurisdiction.