Argued May 15, affirmed in part; sentences vacated and remanded for resentencing June 13, reconsideration denied July 26, petition for review denied September 6, 1978, 283 Or 235

STATE OF OREGON, *Respondent,*
*v.*
DAVID ANTHONY JACOBS, *Appellant.*
(No. C77-08-11082, CA 9735, No. C76-01742, CA 9871)
(Consolidated cases)

579 P2d 881

Tomas Finnegan Ryan, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

This is a consolidated appeal of two criminal convictions, one for assault, one for burglary. In the first case, defendant was charged with two counts of assault in the first degree and, upon a trial to the court, found guilty of two counts of assault in the second degree. He contends that the crime of which he was convicted was not included in the greater crime with which he was charged. In each case, he challenges the validity of the sentence.

The indictment was brought under ORS 163.185(1), which provides:

"A person commits the crime of assault in the first degree if he intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

Count I charged that the defendant did "unlawfully and recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious physical injury to * * * a two-year-old child by placing the buttock of [the child] in scalding hot water." Count II was identical except that it referred to a four-year-old child as the victim.

■ The trial court found the defendant to have acted intentionally, but acquitted him of assault in the first degree upon a finding that he did not intend to cause "serious physical injury."[1] The correctness of this ruling is not in issue.

The trial court found defendant guilty of the lesser crime of assault in the second degree as defined by ORS 163.175(1)(b), which provides:

"A person commits the crime of assault in the second degree if he:
"* * * * *

---

[1] ORS 161.015(7) provides:

" 'Serious physical injury' means physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon * * *."

The term "dangerous weapon" is defined by ORS 161.015(1):

" 'Dangerous weapon' means any instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

Under that statutory definition, the allegation of the indictment that the defendant had used scalding hot water in contact with the body of a child is an allegation of the use of a dangerous weapon. Defendant argues that there was no proof that scalding hot water is such a substance, but, if common human experience is not sufficient to found such an inference, the fact that the water actually caused injury is. Therefore, the crime found by the trial court was included within the charge of the indictment.

■ Defendant also challenges the statutory definition of dangerous weapon as being unconstitutionally vague, but the issue was not raised in the trial court and we do not reach it on appeal. *State v. Zusman,* 1 Or App 268, 460 P2d 872 (1969) *rev den, cert den* 398 US 905 (1970).

■ Defendant also assigns on appeal a setting of a minimum sentence both on the assault charge and for a burglary conviction. In each instance, the crime was committed prior to the effective date of ORS 144.110, which authorizes the setting of a minimum term. Accordingly, the sentence in each case is vacated and the case is remanded for the imposition of a new sentence. *State v. Bussey,* 34 Or App 535, 579 P2d 264 (1978).

Affirmed in part; sentences vacated and remanded for resentencing.