Argued and submitted August 10, affirmed December 21, 1981

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT BURL KRAL,
*Appellant.*

(No. R 11946, CA A20765)

637 P2d 1300

Douglas A. Swanson, Portland, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction of wanton waste of food fish, ORS 509.112, a Class A misdemeanor. He seeks reversal on the grounds that the statute defining the crime is unconstitutionally vague and that his motion for judgment of acquittal should have been granted.

■ In his first assignment of error defendant challenges ORS 509.112 as being unconstitutionally vague. He raises this issue for the first time on appeal; it was not urged in the trial court. While appellate courts will generally not consider a constitutional issue raised for the first time on appeal, we have done so in certain limited circumstances where there is a compelling reason to review an issue not properly raised at trial. *See State v. Flores,* 280 Or 273, 279, 570 P2d 965 (1977); *State v. O'Neill,* 274 Or 59, 65, 545 P2d 97 (1976); *State v. Layne,* 244 Or 510, 419 P2d 35 (1966); *State v. Varney,* 244 Or 583, 419 P2d 430 (1966); *Highway Com. v. Helliwell,* 225 Or 588, 358 P2d 719 (1961); *The Alpha Corp. v. Multnomah Co.,* 182 Or 671, 680, 189 P2d 988 (1948); *State v. Jacobs,* 34 Or App 755, 579 P2d 881, *rev den* 283 Or 235 (1977), *cert den* 441 US 926 (1978). In this case we find no compelling reason to consider the constitutional issue.

■ In his second assignment defendant contends that his motion for judgment of acquittal should have been granted. However, he does not set forth verbatim the pertinent portions of the record, nor does he cite where in the record the motion was made and denied. We will not search the record for the motion and ruling. *See* Rules of Appellate Procedure 25.10. We recently stated, with reference to Rule 7.19: "The requirements of the rule are not simply formalistic busy work but are designed to inform the appellate courts clearly of the precise ruling that is contended to be error." *H.N.M. Enterprises, Inc. v. Hamilton,* 49 Or App 613, 617, 621 P2d 57 (1980) *rev den* 290 Or 449 (1981). We will not consider defendant's second assignment of error. *State v. Mendenhall,* 53 Or App 174, 631 P2d 791 (1981); *Green v. C & H Contractors, Inc.,* 53 Or App 187, 631 P2d 794 (1981).

Affirmed.