Argued and submitted July 24, 1985, reversed in part and remanded May 14,
reconsideration denied July 11, petition for review denied September 3, 1986
(301 Or 667)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT A. BENNETT,
*Appellant.*

(84-207; CA A34494)

719 P2d 38

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his convictions for burglary in the first degree, theft in the first degree and possession of a firearm in violation of ORS 166.270 (ex-convict in possession of a firearm). We reverse his conviction for burglary in the first degree, vacate his minimum term of imprisonment for using a firearm in committing a felony, ORS 161.610, and remand for resentencing and entry of conviction for burglary in the second degree.

Defendant was tried before a jury. Co-defendant Allen testified that, on May 11, 1984, he and defendant used a screwdriver to pry open a window and enter a vacant hotel above a gun shop in Klamath Falls and then used a hammer, a wrecking bar and screwdrivers to gain entry into the gun shop by tearing a hole in its ceiling. They took guns and ammunition and hid them at a location on the outskirts of the city.

Defendant, Allen and Cobb later retrieved the guns and drove to Colville, Washington, where Allen took photographs of defendant and Cobb holding the guns. After returning to Klamath Falls, defendant and Allen left sleeping bags and backpacks on top of a carport belonging to one of defendant's former employers, who turned the items over to Klamath Falls police. The police took the property to the station and obtained a warrant authorizing them to search the pack for "Stolen property, to-wit: fatigue-type military clothing; baseball caps; 'CDA Drinking Co.' business cards; shoes." In the pack, which defendant later identified as his, they found a receipt for film left at a Colville pharmacy to be developed. Klamath Falls police officers notified officers in Colville of the film receipt. Colville police obtained a warrant to seize the film on the grounds that

> "the film may have photographs of the three suspects and [a] stolen 1982 Mustang, plus possibly photographs of other stolen property. This belief is based on the fact that [the Klamath County officers] stated that the suspects in custody are proud of their acts and are bragging freely. Also, the film had been deposited with [the pharmacy] during the period the suspects were in Colville and in possession of the stolen Mustang."

Colville police seized from the pharmacy photographs of defendant and Cobb holding the stolen guns.

Defendant was indicted for burglary of the gun shop, committed while defendant was "armed with a burglar's tool, to-wit: a screwdriver * * *." The indictment also charged him with theft in first degree and with being an ex-convict in possession of a firearm. A jury convicted him on all the charges. The trial court merged the theft conviction into the burglary conviction for purposes of sentencing and sentenced defendant to a 20-year term for burglary and a concurrent five-year term for being an ex-convict in possession of a firearm. The court also imposed a five-year minimum sentence pursuant to ORS 161.610 on the basis of its finding that defendant had used a firearm in the commission of the burglary.

■  Defendant argues, first, that the trial court erred in denying his motion to suppress on the ground that seizure of the film receipt and subsequent seizure of the photographs improperly exceeded the scope of the original warrant. Defendant's argument assumes that the discovery of the photographs depended on the *seizure* of the film receipt. That was not the case, for the film receipt had not been seized when the officers learned from it that defendant had deposited film with the pharmacy in Colville. They had observed the receipt during a lawful search of defendant's backpack. *See Harris v. United States,* 390 US 234, 88 S Ct 992, 19 L Ed 2d 1067 (1973). The name and address of the pharmacy, as well as a telephone number, receipt number and an indication that the receipt was for film, were all plainly visible on its face. That information, together with the information quoted above from the Colville officer's affidavit, provided probable cause for issuance of the warrant authorizing seizure of the film. Thus, the seizure of the film could not have been tainted by any impropriety in the seizure of the film receipt, because the receipt was seized *after* the officers had obtained the information that led to seizure of the film.

Defendant argues, second, that the trial court erred in denying his motion for acquittal on all charges. On appeal, he bases his argument on three grounds: (1) that the state's case was based entirely on the uncorroborated testimony of an accomplice, ORS 136.440; (2) that he was improperly convicted of first degree burglary by virtue of his having used a screwdriver to gain entry to the gun shop, ORS 164.235(2); *State v. Graves,* 299 Or 189, 700 P2d 244 (1985); and (3) that

the state had failed to establish that he possessed a firearm, *i.e.,* a weapon "which is readily capable of use as a weapon." ORS 166.210(1).

We reject the first ground summarily. There was ample corroboration of Allen's testimony. The second, however, requires discussion. The state recognizes that the Supreme Court recently held unconstitutionally vague the portion of ORS 164.235(2) defining a burglar's tool to include an item "commonly used for committing or facilitating a forcible entry." *State v. Graves, supra.* The state argues, however, that we should not apply *Graves* to this case, because defendant did not argue in the trial court that the statute was unconstitutionally vague. *See State v. Kral,* 55 Or App 212, 214, 637 P2d 1300 (1981); *State v. Jacobs,* 34 Or App 755, 758, 579 P2d 881, *rev den* 283 Or 235 (1977), *cert den* 441 US 926 (1978). Defendant's argument below was simply that a screwdriver is not a burglar's tool within the meaning of the statute.

■■ Although appellate courts will not generally consider issues raised for the first time on appeal, the question defendant seeks to raise is *exactly* the question decided in *State v. Graves.* None of the purposes of the preservation requirement would be served by refusing to apply *Graves* in a straightforward manner to this case. It would not conserve judicial resources. The question, unlike the questions sought to be raised by the defendants in *Kral* and *Jacobs, supra,* has been squarely decided. Neither would preservation have made the record any clearer. *State v. O'Neill,* 274 Or 59, 65, 545 P2d 97 (1976). It is apparent on the face of the record, ORAP 7.19(5), that defendant was convicted under an unconstitutionally vague statute. We decline to apply the preservation requirement in this particular situation, and we hold that the trial court erred in convicting defendant of burglary in the first degree on the basis of his use of a screwdriver to gain entry to the gun shop.

■ The third ground appears to be directed only to the charge of unlawful possession of a firearm. Defendant argues that the state failed to prove that the weapons were readily capable of use as weapons, ORS 166.210(1), because "[t]here was no evidence of firing the weapon," and that the state's failure of proof entitles him to acquittal on the charge of being an ex-convict in possession of a firearm. He is wrong. There

was evidence from which the jury could reasonably have concluded that one or more of the stolen guns was readily capable of use as a weapon. The weapons had been offered for sale by the gun shop as usable; they were weapons designed to fire ammunition to expel projectiles; and defendants took ammunition as well as the weapons from the gun shop. A reasonable factfinder could conclude that the guns were readily capable of use as weapons. *See State v. Vance,* 285 Or 383, 591 P2d 355 (1979).

■ There was no evidence at all, however, that defendant or his accomplice loaded any of the guns or used them in any way other than as proceeds in the burglary of the gun shop. Therefore, it could not reasonably have been found that defendant used a "firearm," as the term is defined in ORS 166.210(1), in the commission of the burglary. *See State v. Vance, supra.* The trial court erred in imposing a minimum sentence pursuant to ORS 161.610 for using or threatening to use a firearm in the commission of a felony.

■ Defendant argues, finally, that the trial court erred in failing to merge his conviction for being an ex-convict in possession of a firearm into his conviction for burglary in the second degree. We disagree. There was evidence that defendant had possessed the firearm after completion of the burglary. *State v. Porter,* 29 Or App 795, 564 P2d 1104 (1977).

Conviction for burglary in the first degree reversed; minimum sentence for use of a firearm in committing a felony vacated; remanded for entry of a conviction for burlary in the second degree and for resentencing.